UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE                                      :
1014 17th Street, N.E., No. 2                 :
Washington, D.C.                              :
                                              :
    v.                                        :    Case No.: 08-0656
                                              :    Judge Paul L. Friedman
DISTRICT OF COLUMBIA                          :
A MUNICIPAL CORPORATION                       :
ADRIAN M. FENTY, MAYOR OF THE                 :
DISTRICT OF COLUMBIA                          :
441 4th Street, N.W.                          :
Washington, D.C. 20001                        :
    SERVE: Office of the Attorney             :
           General                            :
           1350 Pennsylvania Ave., NW         :
           Washington, DC 20004               :
                                              :
and                                           :
                                              :
DISTRICT OF COLUMBIA                          :
DEPARTMENT OF YOUTH                           :
REHABILITATION SERVICES                       :
    SERVE: Office of the Attorney             :
           General                            :
           1350 Pennsylvania Ave., NW         :
           Washington, DC 20004               :
                                              :
and                                           :
                                              :
REACH YOUTH SHELTER                           :
716 I Street, S.E.                            :
Washington, D.C. 20002                        :
    SERVE: Superintendent for the             :
           District of Columbia               :
           Department of Consumer and         :
           Regulatory Affairs (DCRA)          :

### DEFENDANT SASHA BRUCE YOUTHWORK'S (IMPROPERLY PLED AS REACH YOUTH SHELTER) ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Sasha Bruce Youthwork (improperly pled as REACH Youth Shelter), through counsel, Carr Maloney P.C., and in Answer to Plaintiff's Complaint, states the following:

## JURISDICTION

1. Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies them.

2. The allegations in Paragraph 2 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required.

3. The allegations in Paragraph 3 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required.

4. The allegations in Paragraph 4 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint with respect to REACH Youth Shelter. Defendant admits that Sasha Bruce Youthwork is a non-profit corporation operating in the District of Columbia that contracts with DYRS to provide temporary shelter for juveniles under the jurisdiction of the District of Columbia Superior Court.

6. Paragraph 6 of Plaintiff's Complaint refers to statutory provisions and said statutory provisions speak for themselves.

## FACTS

7. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies them.

8. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore denies them.

9. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies them.

10. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore denies them.

11. Admitted.

12. Admitted.

13. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies them.

14. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore denies them.

15. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies them.

16. Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies them.

17. Defendant objects to Plaintiff's characterization of REACH being on a "preferred list of youth shelters" as vague, ambiguous, and subject to multiple interpretations. Without waiving the foregoing objections, Defendant admits that DYRS refers residents to the REACH youth shelter.

18. The allegations in Paragraph 18 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required.

19. Denied.

20. Paragraph 20 of Plaintiff's Complaint refers to a statutory provision and said statutory provision speaks for itself.

21. Paragraph 21 of Plaintiff's Complaint refers to a statutory provision and said statutory provision speaks for itself.

22.	Paragraph 22 of Plaintiff's Complaint refers to a statutory provision and said statutory provision speaks for itself.

23.	Denied.

24.	The allegations in Paragraph 24 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required.

25.	To the extent that the allegations contained in Paragraph 25 of Plaintiff's Complaint refer to this Defendant, they are denied.

26.	The allegations contained in Paragraph 26 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks sufficient information to form a belief as to whether Plaintiff was sexually assaulted by two children in the care of the REACH facility, and therefore denies this allegation. Defendant denies that Plaintiff was "detained" and that the two boys were older than Plaintiff.

27.	The allegations in Paragraph 27 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, these allegations are denied.

28.	The allegations in Paragraph 28 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, these allegations are denied.

29.	The allegations in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, these allegations are denied.

30.	Denied.

31.	Denied.

32. Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore denies them.

33. Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore denies them.

34. Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint, and therefore denies them.

35. Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Complaint, and therefore denies them.

36. To the extent the allegations contained in Paragraph 36 of Plaintiff's Complaint refer to this Defendant, these allegations are denied.

37. The allegations in Paragraph 37 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required. To the extent a response from this Defendant is required, these allegations are denied.

38. Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Complaint, and therefore denies them.

## COUNT I

### DECLARATORY RELIEF FOR
### VIOLATIONS OF THE LAWS OF THE DISTRICT OF COLUMBIA

39. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 of Plaintiff's Complaint.

40. Paragraph 40 of Plaintiff's Complaint is a request for relief, to which no response is required. To the extent that a response is required from this Defendant, any allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

41.     Paragraph 41 of Plaintiff's Complaint is a request for relief, to which no response is required. To the extent that a response is required from this Defendant, any allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.     Paragraph 42 of Plaintiff's Complaint is a request for relief, to which no response is required. To the extent that a response is required from this Defendant, any allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.     Paragraph 43 of Plaintiff's Complaint is a request for relief, to which no response is required. To the extent that a response is required from this Defendant, any allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

## COUNT II

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1983
### INDETERMINANT INCARCERATION
### (DEFENDANTS DISTRICT, CFS, DYRS)

44.     Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 43 of Plaintiff's Complaint.

45.     The allegations in Paragraph 45 of Plaintiff's Complaint do not refer to this Defendant, therefore no response is required. To the extent that a response is required from this Defendant, these allegations are denied.

## COUNT III
## NEGLIGENCE
## (ALL DEFENDANTS)
### NEGLIGENT TRAINING AND SUPERVISION
### (DEFENDANTS DISTRICT, CFS, DYRS)

46.     Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 45 of Plaintiff's Complaint.

47.     The allegations in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, these allegations are denied.

48.     The allegations in Paragraph 48 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, these allegations are denied.

49.     The allegations in Paragraph 49 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, these allegations are denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

53.     Defendant incorporates by reference its responses to the allegations of Paragraphs 1 through 52 of Plaintiff's Complaint.

54.     Denied.

55.     Denied.

56.     Defendant is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore denies them.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or by the equitable doctrine of laches.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed under the doctrine of misnomer as he has failed to name the proper corporate defendant.

## FOURTH DEFENSE

Plaintiff's damages, if they occurred, were the result of numerous causes, and damages should be apportioned in relation thereto.

## FIFTH DEFENSE

Defendant will rely on all defenses legally available to it, including, but not limited to, those listed above.

## SIXTH DEFENSE

Defendant reserves the right to supplement this Answer at a later time.

## SEVENTH DEFENSE

The damages alleged by Plaintiff were caused by the acts of others for whom this Defendant was not responsible.

## EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages.

Respectfully submitted

CARR MALONEY P.C.

_/s/_

Thomas L. McCally, #391937
Nat P. Calamis, #495680
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
tlm@carrmaloney.com
npc@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of May, 2008, a copy of the foregoing Answer was sent via first class mail, to the following:

Richard L. Thompson, II, Esquire
The Law Firm of Nathaniel D. Johnson, LLC
201 Centenniel Street, Suite A-2
P.O. Box 1857
LaPlata, Maryland 20646

Eric Glover, Esquire
Assistant Attorney General
441 Fourth Street, N.W., Ste. 6S043
Washington, D.C. 20001

By: _/s/_
Thomas L. McCally