UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0656 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA, ET AL., | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>CIVIL LOCAL RULE 16.3 REPORT</u>

Pursuant to the United States District Court for the District of Columbia Local Rule 16.3, the parties, through counsel, hereby file this Joint Meet and Confer Report.1

## I.  STATEMENT OF THE CASE

**Plaintiff's Statement of the Case**

Plaintiff, listed in the complaint as John Doe, was a neglected youth who was taken from the care and custody of his parents by the age of 6.  He came to live with and was adopted by a first cousin of his biological mother at that time.  Plaintiff entered the District of Columbia's juvenile justice system by the age of 15 following an altercation with his cousin/adoptive sister. District of Columbia Child and Family Services (CFS) and/or District of Columbia Department of Youth Rehabilitation  Services (DYRS), evaluated Plaintiff prior to his being ordered incarcerated in a youth shelter owned and operated by Sasha Bruce Youth Work, Inc., as the REACH Youth Shelter.

---

1 The District has not been properly served with Plaintiff's summons and complaint and does not herein waive its right to proper service.  The District intends to file a motion to dismiss for insufficiency of service of process under separate cover.

Defendants CFS and/or DYRS and /or the District of Columbia knew or reasonably should have known that Defendant Reach did not have adequate safeguards, policies, procedures, or regulations in order to ensure the safety of minor children placed in their care. The District of Columbia Code Chapter 23 § 16-2301, et. seq., contain specific criteria for the detention of minor children while pending fact finding hearings or dispositional hearings. The District of Columbia Code Chapter 23 § 16-2301, et. seq. stipulate that a child shall not be placed in shelter care prior to a fact finding hearing  unless no alternative resources or arrangements are available to the family that would adequately safeguard the child without the requiring of removal. The District of Columbia Code Chapter 23 § 16-2301, et. seq., require that where a child has been placed in secure detention prior to fact finding, that fact finding shall commence not later than 30 days from which the Court directed him to be detained. Plaintiff remained in shelter detention longer than is reasonable and conscionable.  Plaintiff was sexually assaulted while in the care and custody of Reach.

Plaintiff, by counsel, has filed a complaint alleging four counts against all defendants. (1) Plaintiff desires a judicial determination of whether his rights were violated when he was detained in the shelter for more than six month prior to his disposition hearing on the charge for which he was placed in shelter detention. (2) Plaintiff further alleges that the Defendants District of Columbia, and/or CFS and/or DYRS, with deliberate indifference to, reckless disregard for the safety and well-being of the Plaintiff and in violation of 42 U.S.C. section 1983, did allow him to remain in the care and custody of Reach for an indeterminate period of time but longer than 30 days.  (3) Plaintiff alleges negligence against all defendants.  Defendants acted negligently, carelessly, recklessly and with deliberate indifference by failing to properly train, supervise, control, direct and monitor their agents in their duties and responsibilities.  (4) Plaintiff alleges

negligent infliction of emotional distress as a result of the negligent, careless, or recklessly indifferent manner in which minor children in the care and/or custody of Defendants are housed. Plaintiff was exposed to the zone of danger in which he was sexually assaulted.

### Defendant Sasha Bruce Youthwork's Statement of the Case

Defendant Sasha Bruce Youthwork ("Sasha Bruce") denies that Plaintiff was "incarcerated" within the REACH Youth Shelter. Sasha Bruce denies that the REACH Youth Shelter did not have adequate safeguards, procedures, or regulations in order to ensure the safety of minor children placed within their care. Sasha Bruce lacks sufficient information to state whether Plaintiff was sexually assaulted while in the custody of REACH Youth Shelter and therefore denies this allegation.

Contrary to Plaintiff's above statement of the case, Plaintiff's Complaint does not allege four counts against all defendants. Rather, Plaintiff's complaint only alleges two counts against defendant Sasha Bruce for negligence and negligent infliction of emotional distress. Sasha Bruce denies that it acted negligently, carelessly, recklessly, and with deliberate indifference toward Plaintiff. Sasha Bruce denies that it failed to properly train, supervise, control, direct and monitor their agents in their duties and responsibilities. Sasha Bruce denies that children in the REACH Youth Shelter are housed in a negligent, careless, or recklessly indifferent manner. Sasha Bruce denies that its actions exposed Plaintiff to the zone of danger of being sexually assaulted.

### The District of Columbia's Statement of the Case

Contrary to Plaintiff's above statement of the case, Plaintiff was not incarcerated, but

placed in a shelter.  The District denies Plaintiff's allegations that the District bears liability for

failing to provide him with a hearing within thirty (30) days pursuant to D.C. Official Code § 16-

2310, or that it is liable for his alleged sexual assault, and/or that its actions exposed Plaintiff to

the zone of danger of being sexually assaulted.

## II.  TOPICS TO BE ADDRESSED UNDER RULE 16.3

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether the parties should recommend to the Court that discovery or other matters should await a decision on any such motion.**

The District intends to file a dispositive motion on the basis that service has not been

perfected on the District of Columbia, and that DYRS and CFS are non sui juris.  Additionally,

Plaintiff was placed in a shelter, and was not incarcerated.  Therefore, Plaintiff's constitutional

rights were not violated by any failure to provide him with a hearing within 30 days under D.C.

Official Code § 16-2310.

There is a potential substitution of a party, Sasha Bruce Youth Work, Inc. for defendant

REACH.  The parties believe that the Superior Court for the District of Columbia has possession

and control over documents which may require an order of the Court to release.  Plaintiff intends

to request same by joint motion on or about June 13, 2008.  The parties suggest that discovery in

this matter be delayed until such time as the Superior Court has ruled on such a motion, and the

Court has ruled on the District's dispositive motion once it has been filed.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the parties do not anticipate amendment of the pleadings or the joinder of

additional parties outside of those identified pursuant to initial disclosures which shall be

provided with respect to Reach on or before June 1, 2008.  Plaintiff shall move to substitute

parties, if proper, on or before July 1, 2008.

   The District opposes any further amendment of the pleadings or joinder of any District-

related parties.

**3.   Whether the case should be assigned to a magistrate judge.**

   The parties do not consent to referral of this case to a magistrate judge for trial. Plaintiff

would consent to referral of the case for resolution of discovery issues or ADR purposes.

**4.   Whether there is a realistic possibility of settling the case.**

   The parties do not believe that there is a realistic possibility of settlement at this time;

however, after some discovery is conducted and the parties are better able to assess the merits of

the case, settlement may be possible.

**5.   Whether the case could benefit from the Court's ADR procedures; what related
steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and
their response to this provision with their clients.**

   The parties do not believe that there is a realistic possibility of settlement at this time;

however, after some further discovery is conducted and the parties are better able to assess the

merits of the case, and will be willing to submit the matter to a settlement judge or magistrate.

**6.   Whether the case can be resolved by summary judgment or a motion to dismiss;
dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and
proposed dates for a decision on the motions.**

   The plaintiff does not believe this case can be resolved by a dispositive motion; the

defendant Sasha Bruce believes this case can be resolved on a dispositive motion at the end of

discovery.  The District defendants believe that this matter will be resolved against it by

dispositive motion.  Plaintiff and Co-defendant Sasha Bruce propose that dispositive motions be

filed thirty (30) days after the close of discovery, oppositions thereto be filed thirty (30) days

thereafter, and reply brief be filed twenty-one (21) days thereafter.

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.**

The Plaintiff would prefer not to dispense with the initial disclosures required by Rule

26(a)(1)(C). Both defendants would prefer to waive initial disclosures.

**8.      The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.**

Plaintiff intends to request of the Superior Court to make the juvenile case file, the social

file, and any psychological files in the possession of the Superior Court for  the District of

Columbia.  The parties agree that discovery in this matter should be held in abeyance until (14)

days after the Superior Court has released these files pursuant to motion expected to be filed by

June 13, 2008, and/or after the Court has ruled on the District Defendants' dispositive motion,

whichever occurs latest.  Plaintiff requests that each party be limited to five (5) depositions and

twenty five (25) each of interrogatories, requests for production of documents and requests for

admissions.  Defendant Sasha Bruce along with the District of Columbia request that they be

permitted to take ten depositions, as permitted by Rule 30(a)(2) of the Federal Rules of Civil

Procedure.  Defendant Sasha Bruce anticipates that it may seek leave to take additional

depositions as necessary as discovery progresses in this matter.  Pursuant to Federal Rules of

Civil Procedure 34 and 36, Defendant Sasha Bruce that the number of document requests and

requests for admission permitted in this matter not be limited.  The parties also state that a

Privacy Act protective order may be necessary depending on the categories of documents sought

in discovery.  Plaintiff requests 180 days to complete factual discovery.  The District requests six

(6) months to complete factual and expert discovery, should it remain a party defendant in this

litigation.

**9.      Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Plaintiff requests to name any experts within sixty (60) days following the

commencement of discovery and provide the expert report(s) within (30) days thereafter, and the

defendant Sasha Bruce requests to name its experts thirty (30) days after designation by Plaintiff,

and provide the expert report(s) within thirty days thereafter.

The District requests that the parties exchange expert witness reports in accordance with

F.R.Civ.P. Rule 26(a)(2).

**10.     Procedures for class actions.**

This case is not a class action, so such procedures are inapplicable.

**11.     Whether the trial and/or discovery should be bifurcated or managed in phases.**

The parties do not believe that bifurcation is appropriate, but the District reserves its right

to seek bifurcation should it be appropriate in the event it remains a party defendant in this

action.  Defendant Sasha Bruce also reserves its right to seek bifurcation.

**12.     The date for the pretrial conference.**

The parties suggest that the Court set a scheduling conference at the close of discovery

and to set a pre-trial date following the ruling on any dispositive motions.  Plaintiff and Sasha

Bruce requests that a trial date also be set following the ruling on any dispositive motion.  The

District requests that the trial date be set at the Pretrial conference should it remain a party

defendant in this action.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose the trial date be set at the pre-trial conference.

Respectfully Submitted,

_____/s/_____

Richard L. Thompson, II DC Bar #448816
Of Counsel
Law Offices of Nathaniel D. Johnson, LLC.
P.3016459103 F.2403630747

**COUNSEL FOR PLAINTIFF**

— And —

PETER J. NICKLES
Interim Attorney General, District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____

DWAYNE C. JEFFERSON[2]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 741-0554 f
dwayne.jefferson@dc.gov

**COUNSEL FOR DEFENDANT
DISTRICT OF COLUMBIA**

---

[2] Mr. Jefferson is appearing under Rule 49 (c) (4) of the District of Columbia Court of Appeals and LCvR 83.2.

— And —

_____ /s/ _____
THOMAS L. MCCALLY [391937]
NAT P. CALAMIS [495680]
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036
202-310-5500 (Telephone)
202-310-5555 (Fax)
nog@carrmaloney.com

**COUNSEL FOR DEFENDANT SASHA
BRUCE YOUTHWORKS**