UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | C.A. No.: 08-656 (PLF) |
| Plaintiff, ) | |
| ) | **FILED UNDER SEAL** |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants District of Columbia (the "District"), Department of Child & Family Services ("DCFS") and Department of Youth Rehabilitation Services ("DYRS"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 4(j)(2) as well as Fed. R. Civ. P. 12(b)(6), respectfully move this Honorable Court to dismiss Plaintiff's First Amended Complaint.

1. Plaintiff has failed to effect proper service against the District.

2. Plaintiff's First Amended Complaint must be dismissed as to DCFS and DYRS because these Defendants are *non sui juris*;

3. Count I (Declaratory Relief for Violations of the Laws of the District of Columbia) and Count II (Deprivation of Civil Rights, 42 U.S.C. § 1983) must be dismissed because a state-created procedural device — such as the 30-day fact-finding/dispositional hearing language of D.C. Official Code § 16-2310 — creates no constitutionally protected interest for children such as Plaintiff who are placed in "shelter care" as opposed to "secure detention;" and

4. This Court should not assert supplemental jurisdiction over Plaintiff's common law claims.

5. The District cannot be held liable for the negligence of an independent contractor.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is a dispositive motion, Defendants are not required to confer with other parties per LCvR 7(m).

    Respectfully Submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

    _____
    DWAYNE C. JEFFERSON[1]
    Assistant Attorney General
    One Judiciary Square
    441 4th St., N.W., 6th Floor South
    Washington, D.C. 20001
    (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
    dwayne.jefferson@dc.gov

    **COUNSEL FOR DEFENDANTS**
    **DISTRICT OF COLUMBIA,**
    **DEPARTMENT OF YOUTH**
    **REHABILITATION SERVICES, AND**
    **DEPARTMENT OF CHILD & FAMILY**
    **SERVICES**

---

[1] Mr. Jefferson is appearing under Rule 49 (c) (4) of the District of Columbia Court of Appeals and LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | C.A. No.: 08-656 (PLF) |
| Plaintiff, ) | |
| ) | **FILED UNDER SEAL** |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANTS' MOTION TO DISMISS**

In support of their dispositive motion, Defendants herein submit their memorandum of points and authorities.

**I.   STATEMENT OF FACTS**

The Amended Complaint reflects that, on March 17, 2004, 15-year old John Doe was charged with simple assault stemming from a physical altercation with his adoptive sister, Monique Edwards. *See* First Amended Complaint at ¶ 9. Thereafter, Plaintiff alleges that he was detained at the Reach Youth Shelter ("Reach") for nearly 7 months. *Id.* at ¶ 24. Plaintiff further maintains that, on September 22, 2004, two older juveniles sexually assaulted him at Reach. Id. at ¶ 26.

On March 3, 2008, Doe filed his First Amended Complaint naming the District of Columbia, the Department of Child & Family Services ("DCFS"), the Department of Youth Rehabilitation Services ("DYRS") and Reach Youth Shelter as party-defendants. Because he was detained at Reach for more than 30-days before any fact-finding hearing was held, Plaintiff claims that Defendants violated D.C. Official Code § 16-2310 and certain unspecified due process rights guaranteed him by the Fifth Amendment of the

U.S. Constitution in violation of the Civil Rights Act of 1964. *See* 42 U.S.C. § 1983.

Specifically, Counts I and II of the Complaint reveal that:

> 41.     Plaintiff is seeking a judicial declaration that Defendant's policy of holding minor children in shelter detention for undetermined periods of time greater than 30 days deprived Plaintiff and deprives all other similarly-situated minor children [of] their *rights under the Fifth Amendment of the U.S. Constitution and the laws of the District of Columbia*.
>
> * * *
>
> 45.     Plaintiff further alleges that the Defendants District of Columbia and/or CFS and/or DYRS, with deliberate indifference to, [and] reckless disregard for the safety and well-being of the Plaintiff and in violation of 42 U.S.C. § 1983, did allow him to remain in the care and custody of Reach for an indeterminate period of time but longer than 30 days and for a period that exceeded seven months during which time he was sexually assaulted and otherwise *deprived of his constitutional rights and due process of law*.

*Id.* (emphasis added). Lastly, Plaintiff claims that the District's negligent training/supervision of its agents caused the September 22, 2004 sexual assault at Reach to occur.

On March 17, 2008, Plaintiff's process server attempted to perfect service upon the District by hand delivering the Summons and First Amended Complaint, among other documents, to Camille Nelson at 1350 Pennsylvania Avenue, NW. *See* Affidavit of Service (attached as Exhibit "A" *in globo*). On that same date, Plaintiff's process server also attempted to perfect service on the DCFS & DYRS by hand delivering similar documents "[care of] the Office of the Attorney General." *Id*. For the reasons set forth below, these Defendants are entitled to dismissal of the Amended Complaint.

## II.  STANDARD OF REVIEW

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

### ARGUMENT

## III.  PLAINTIFF HAS FAILED TO PROPERLY SERVE THE DISTRICT AND DISMISSAL IS APPROPRIATE

Fed. R. Civ. P. 4(j) is clear in its mandate. Service may be accomplished by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or an officer, a managing or general agent, or (B) serving a copy of each in the manner prescribed by that state's laws for serving a summons or like process on such a defendant." Plaintiff failed to serve the District's Chief Executive Officer (i.e., Mayor Adrian Fenty) as required by Rule 4(j), and, otherwise, failed to serve process in the manner prescribed by District of Columbia law.

Rule 4(j)(1) of the District of Columbia Superior Court Civil Rules prescribes the following method for effecting service of process on the District:

> Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing written notice with the Clerk of the [Superior] Court.

(Emphasis added). The Mayor has designated the Secretary of the District of Columbia as his agent for receipt of legal correspondence including summonses and complaints. *See* Mayor's Order 2004-77 at 1 (May 14, 2004) (attached as Exhibit "B"). In addition, the Mayor has ordered that: "The Secretary shall designate from time to time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor. The personnel so designated shall receive legal correspondence either from the person effecting service upon the Secretary, from the Unit, or from any other originating or transmitting source, as the case may be." *Id*. at 3. The Secretary of the District of Columbia has designated Tabatha Braxton, Abby Frankson, Arlethia Thompson and Erica Easter as the employees authorized to receive legal correspondence on behalf of the Mayor. *See* Memorandum from Secretary of the District of Columbia (November 19, 2007) (attached as Exhibit "C").

Service of process on the District of Columbia by delivery is valid only if the person receiving the delivery is specifically designated to receive service of process. *See McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105 (D.C.1995). Plaintiff bears the burden to show that service is proper. *Id*. Plaintiff can only establish that he attempted to perfect service upon the District by hand delivering process to Camille Nelson. *See*

Affidavit of Service (attached as Exhibit "A" *in globo*). Ms. Nelson is not authorized to accept service on behalf of Mayor Fenty. *See* Declaration of Camille Nelson (attached as Exhibit "D"). Because this record contains no evidence that service of process against the Chief Executive Officer (i.e., the Mayor), dismissal of this case against the District is appropriate.

## IV.     THE DISTRICT AGENCIES ARE NON SUI JURIS

Plaintiff has named the Department of Youth Rehabilitation Services as well as the Department of Child & Family Services as party defendants in this action. Yet, because these Defendants are sub-agencies of the District of Columbia government, they cannot be sued in their own name. In this jurisdiction, it is well settled that bodies within the District of Columbia government are simply not suable as separate entities, absent statutory provisions for them to sue and be sued.[2] *See Trifax Corp. v. District of Columbia,* 53 F. Supp. 2d 20 (D.C. Cir. 1999) (holding that the Department of Human Services is *non sui juris*); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that the Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities); *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (holding that the Board of Higher Education not a suable entity); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (holding that the Department of Sanitation is not suable).

In *Foggy Bottom Association v. District of Columbia Office of Planning*, 2006 U.S. Dist. LEXIS 51487, this Court dismissed claims brought against the District of Columbia Office of Planning, the District of Columbia Zoning Commission, the District

---

[2] Plaintiff also improperly served the sub-agencies with service of process. Although Gail Ribers can accept service on behalf of the Attorney General, she has no authority to accept service on behalf of a sub-agency.

of Columbia Department of Health and the District of Columbia Department of Consumer and Regulatory Affairs. In *Hobby v. District of Columbia Government*, 2003 U.S. Dist. LEXIS 26192, this Court dismissed claims against the District of Columbia Public Schools, the District of Columbia Employee Services, the District of Columbia Superior Court and the District of Columbia Court of Appeals.[3]

The powers of the Department of Youth Rehabilitation Services are set forth in D.C. Official Code § 2-1515.01 *et seq.* The Department of Child and Family Services' powers are set forth in D.C. Official Code § 4-1303.01, *et seq.* Neither of these statutes empower DYRS or DCFS to sue or be sued in their own name. Thus, neither agency is a proper party to this action, and Plaintiff's claims against them must be dismissed.

IV. **PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF AND/OR DEPRIVATION OF CIVIL RIGHTS UNDER § 1983**

There is no merit to Plaintiff's claim of a denial of constitutional due process. The Fifth Amendment Due Process Clause guarantees a level of procedural protection before a person's life, liberty or property can be impinged by government. Procedural due process analysis is flexible, and must be considered in the context of the particular claim. The Court must examine the nature of the interest at stake, both private and government, in order to determine the process due. *See Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S.Ct. 893, 902-03 (1976).

Plaintiff's procedural due process claim is based on the language of D.C. Official Code § 16-2310 which, in pertinent part, states that:

---

[3]   *See also Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp. 2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* 980 F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities").

(a) A child shall not be placed in *detention* prior to a fact finding hearing or a dispositional hearing unless he is alleged to be delinquent or in need of supervision and unless it appears from available information that detention is required --
   (1) to protect the person or property of others or of the child, or
   (2) to secure the child's presence at the next court hearing.

\* \* \*

(b) A child shall not be placed in *shelter care* prior to a fact finding hearing or a dispositional hearing unless it appears from available information that shelter care is required –
   (1) to protect the person of the child, or
   (2) because the child has no parent, guardian, custodian, or other person or agency able to provide supervision and care for him, and the child appears unable to care for himself and that
   (3) no alternative resources or arrangements are available to the family that would adequately safeguard the child without requiring removal.

\* \* \*

(e) Fact finding hearings *for children placed in secure detention* shall be held within the time limits provided in this subsection.

   (1) Except as provided in this subsection, whenever a child has been placed in *secure detention* prior to a fact finding hearing pursuant to §§ 16-2310 through 16-2313, **the fact finding hearing set forth in § 16-2316 shall commence not later than 30 days from the date at which the Division authorized the child to be detained** pursuant to § 16-2312, unless the child is charged with murder, assault with intent to kill, first degree sexual abuse, burglary in the first degree, or robbery while armed, in which case the fact finding hearing shall commence not later than 45 days from the date at which the Division authorized the child to be securely detained.

\* \* \*

   (4) Upon motion by or on behalf of the child, **a child in secure detention shall be released from custody if the fact finding hearing is not commenced within the time period set forth in this subsection.**

D.C. Official Code § 26-2310 (emphasis added). Plaintiff's procedural due process claims cannot survive unless this Court determines that the 30-day hearing provision of § 16-2310 creates a constitutionally protectable life, liberty or property interest applicable to children placed in shelter care. However, the plain text of § 16-2310(e)(1) clearly reveals that its 30-day limitation only applies to children placed in secure detention — not those placed in shelter care. Moreover, § 16-2310(e)(4) further reveals that the securely detained juvenile's sole remedy for violation of the 30-day provision is to seek release from custody upon motion. It does not provide Plaintiff with the right to pursue a civil cause of action against the District.

Plaintiff claims that, by violating § 16-2310, Defendants have necessarily violated the Constitution. This sweeping allegation is without legal basis, and Courts have routinely rejected similar attempts to conflate language from the Juvenile Code. *See, e.g. In re J.B.*, 906 A.2d 866 (D.C. 2006) (Court rejects juvenile offender's claim that 15-day delay to hold a disposition hearing is mandatory under Superior Court Juvenile Rule 32(a)); *see also In re K.H.*, 647 A.2d 61, 62 (D.C. 1994) (Court rejects a juvenile offender's claim that the expedited appeal procedure —applicable to original detention orders per D.C. Official Code § 16-2312 —also applies to subsequent orders denying the reconsideration of a detention order); *In re D.H.*, 666 A.2d 462 (D.C. 1995) (Court rejects juvenile offender's claim that 7-day delay to file a petition is mandatory under D.C. Official Code § 16-2305). In the same manner, this Court must reject Plaintiff's claims that the 30-day limitation of §16-2310 applies evenly to both children placed in shelters and those placed in secure detention.

The District's purported violation of the 30-day fact finding/dispositional hearing provision cannot establish a deprivation of Plaintiff's constitutional due process protections because Plaintiff is not among the class of persons protected by § 16-2310(e)(1) and, even if he were among the securely detained youth, his sole remedy would be to seek release by motion. In this manner, Counts I and II of the Complaint fail to state claims upon which relief can be granted.

V.  **THE COURT SHOULD DECLINE TO ASSERT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIM**

The court, in those instances when the federal claims are dismissed, may decline to exercise "supplemental jurisdiction" for any remaining state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Moreover, the balance of factors to be considered by the court under the "supplemental jurisdiction doctrine" are a) judicial economy, b) convenience, c) fairness, d) comity. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988).

It is a well founded principle that federal courts should avoid making needless decisions concerning state law in an effort to allow the state courts to make decisions on laws well within their expertise. Moreover, when the court has not expended any resources in a case in which the federal claims have disposed of early in the litigation, the interest of judicial economy and convenience are better served by the federal court declining to assert jurisdiction over any remaining state claims. *Edmondson & Gallagher v. Alban Towers Tenants Ass'n.,* 48 F.3d 1260 (D.C. Cir. 1995).

In *Gaubert v. Gray*, the D.C. District Court dismissed the plaintiff's constitutional claims on the grounds of qualified immunity. 747 F. Supp. 40, 50 (D.C. Cir. 1990). Noting that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the

court also dismissed the plaintiff's four common law claims. *Id.* Citing the Supreme Court's decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the District Court wrote:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Gaubert*, 747 F. Supp. at 50.

Here, the plaintiff's constitutional claims are barred under the *Monell* doctrine. *See Monell*, 436 U.S. at 694. Furthermore, his constitutional claims do not rise to the level of a constitutional violation. Finally, the individually named District defendants are entitled to qualified immunity. As such, the plaintiff will not be prejudiced by dismissal of his common law claims. Additionally, should the court agree that the Plaintiff has failed to allege any viable federal claims, it is early in the litigation and declining jurisdiction on the remaining claims would promote the interests of fairness and judicial economy. In short, Plaintiff's remaining common law claim should be dismissed.

## VI.     PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE AGAINST THE DISTRICT

Should this Court assert subject matter jurisdiction over Plaintiff's common law claims, dismissal is appropriate. In Counts III & IV of his Complaint, Plaintiff claims that the September 2004 sexual assault at the Reach Youth Shelter occurred because the District was negligent. See Amended Complaint at ¶ 26. Specifically, Plaintiff insists that the District, "failed to properly train, supervise, control, direct and monitor [its] agents in their duties and responsibilities" and, as a direct result of these acts and omissions, "Plaintiff was sexually assaulted."     *Id*. at ¶¶ 51 & 52.

In order to support his action for negligence, Plaintiff must establish that the District breached a duty it owed to him. *See, e.g. Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). The District can only be held liable under a theory of respondeat superior liability for its employees. It may not be held liable for the negligence of independent contractors. *See Herbert v. District of Columbia*, 716 A.2d 196 (D.C. 1998). In its Answer to the Amended Complaint, Reach expressly admits that it, "is a non-profit corporation operating in the District of Columbia **that contracts with DYRS** to provide temporary shelter for juveniles under the jurisdiction of the District of Columbia Superior Court." See Defendant Reach Youth Shelter's Answer at ¶ 5 (emphasis added). Because the District may not be held liable for the actions of Reach, Counts III and IV of the Complaint fail to state claims upon which relief can be granted against the District.

WHEREFORE, based on the foregoing, Defendants respectfully request an Order dismissing Plaintiff's Declaratory Judgment (Count I) and Civil Rights Act (Count II) claims in their entirety and, otherwise, dismissing with prejudice Plaintiff's First Amended Complaint against the Department of Youth Rehabilitation Services as well as the Department of Child & Family Services.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____
DWAYNE C. JEFFERSON
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 741-0554 f
dwayne.jefferson@dc.gov

**COUNSEL FOR DEFENDANTS DISTRICT OF COLUMBIA, DEPARTMENT OF YOUTH REHABILITATION SERVICES, AND DEPARTMENT OF CHILD & FAMILY SERVICES**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | C.A. No.: 08-656 (PLF) |
| Plaintiff, ) | |
| ) | **FILED UNDER SEAL** |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

UPON CONSIDERATION of the District of Columbia, Department of Youth Rehabilitation Services, and Child & Family Services' Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

_____
**HON. PAUL L. FRIEDMAN**
Judge, U.S. District Court
For the District of Columbia