## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

John Doe

      **PLAINTIFF,**

v.

**District of Columbia, et al**

      **DEFENDANTS.**

_____

Civil Action No.:  08-0656 (PLF)

### PLAINTIFF''S OPPOSITION

### TO DEFENDANT''S MOTION TO DISMISS

NOW COMES Plaintiff, JOHN DOE, and opposes Defendant's motion to dismiss his

Amended Complaint. In support of this opposition, Plaintiff states herein as follows:

### PROCEDURAL HISTORY

Plaintiff initiated this civil action in the District of Columbia Superior Court against

defendants including the District of Columbia on about February 25, 2008, for damages and

declaratory relief. See Plaintiff's Amended Complaint.  Plaintiff received an ex parte Order of the

Superior Court allowing Plaintiff to proceed in that forum In Forma Pauperis and Sealing the

Case.  Summones were issued by the District of Columbia Superior Court, and prior to service,

Plaintiff Amended his complaint.  Plaintiff caused to have served a Superior Court Summons,

Complaint, Amended Complaint Motion and Order to proceed In Forma Pauperis and Sealing the

matter upon the Office of Attorney General on or about March 17, 2008. Plaintiff also caused

these same documents to be served upon District of Columbia Mayor, Adrian Fenty by business

process accepted by a Camille Nelsonn at 1350 Pennsylvania, Ave, N.W., Washington, D.C.

1

Following execution of service of the Amended Complaint, however, Defendant District of Columbia, filed a Removal Action and the matter was removed from D.C. Superior Court to this federal court in accordance with 42 U.S.C. §§1441, 1446.

On or about May 27, 2008 Defendant District of Columbia filed his motion to dismiss Plaintiff's complaint in accordance with F.R.C.P. 12(B)(6) and F.R.C.P. 4(j)(2), inter alia, for: (1) failure to effectuate proper service; (2) Defendant's DCFS and DYRS should be dismissed alleging they are *non sui juris; (3)* Count 1 and count 2 should be dismissed alleging Plaintiff's complaint doesn't have a valid Equal Protection claim or that no constitutionally protected interests are at issue; (4) The Court should not assert supplemental jurisdiction over the state law claims.; and (5) alleging the District of Columbia should not be held liable for the negligence of an independent contractor.*(See Defendant's Motion to Dismiss.)*

Defendant's Motion must be denied for several reasons. (1) Defendant's Motion is premature as the time to effect service under the Federal Rules, following removal, as not yet passed. (2) While Plaintiff does not contest whether Defendant's DCFS and DYRS are *non sui juris,* Mayor Adrian Fenty, should be substituted in his official capacity as the policy maker regarding these agencies. Amendment is proper and serves judicial economy as it is agreed that Sascha Bruce, Inc. shall be substituted as a party for Reach Youth Shelter. And the remainder of Defendant's theories are similarly premature in the absence of discovery under F.R.C.P. 56 (f) as facts subject to undermine Defendant's theories of law may be obtained through the exercise of the Court's discovery process.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges notice pleading of actions which occurred while Plaintiff while a minor child. Plaintiff was charged with simple assault under the District of Columbia Code following a fight with a relative in March 2004. Plaintiff was arrested, detained and was stepped back and was sent to Reach Shelter House pending disposition of his case. (See

2

Plaintiff's Amended Complaint)   Evidence will show that while Plaintiff was detained at Reach, his liberty was curtailed and he was subject to a bench warrant in the event his left or merely violated curfew.   He remained so detained for a period of more than seven months, and on September 22, 2004  he was sexually assaulted.  Plaintiff contends that Defendants through its agencies violated District of Columbia Law regards to their duties including those under D.C. Code Chapter 23, Family Division Proceedings §16-2310 Criteria for Detaining Children, that he was detained for an objectively unreasonable period of time; negligent in their training, supervision and securing of the facilities in which minor children are so detained; and that as a result he was placed in the zone of injury and was negligently subjected to emotional distress.  Id.

### PLAINTIFF IS NOT PRECLUDED FROM EFFECTUATING SERVICE:

Defendant argues that Plaintiff's complaint should be dismissed for failure to serve Defendant in compliance with Superior Court Rule 4(j)(1) and Federal Rule of Civil Procedure 4(e)(2). (See Defendant's Motion to Dismiss).   Specifically, that the individual served by Plaintiff's Private Process Server, on behalf of Mayor Adrian Fenty, Camille Nelsonn, was not authorized by statute to accept service of process upon the Mayor and therefore the District of Columbia.  Even assuming, arguendo, that Plaintiff has not effectuated service of process pursuant to the D.C. Court Rules, Plaintiff is permitted 120 days to cure any defective service or serve the complaint and summons under F.R.C.P. 4(j), from the time that the state court action is removed into federal court. (See *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D., 452, 453 (D.C. Colo. 1991)). Thus, Plaintiff remains entitled to serve upon Defendant the summons and complaint within 120 days from the date of removal, and, Defendant's dispositive motion on these grounds is therefore, premature. (See *Goodstein v. Bombardier Capital, Inc.* 167 F.R.D. 662 D.Vt.,(1996), "motion to dismiss on insufficiency of service of process grounds is premature when filed before the expiration of the 120-day time limit"). Accordingly, Plaintiff has 120 days from April 15, 2008, the time in which this action was removed from D.C. Superior Court, to

3

effectuate service of process upon the Defendant in accordance with F.R.C.P. 4(j) or until approximately August 15, 2008. Id.

## DEFENDANTS DCFS AND DYRS are *non sui juris*

Defendant argues that the Department of Youth Rehabilitation Services, as well as, the Department of Child & Family Services as sub agencies of the District of Columbia government are *non sui juris* and as such, are not proper parties. (See Defendant's Motion) Plaintiff does not challenge this legal assertion concerning the status of these agencies. As previously stated, the Amended Complaint was properly executed upon the Office of the Attorney General in compliance with the applicable rule, but will be properly served upon the Mayor and cured accordingly. See F.R.C.P. 4(j).

Thus, while dismissal of these agencies is certainly proper, Plaintiff intends to move for Leave to Amend his Complaint in order to substitute Mayor Fenty in his official capacity, as decision maker of the District of Columbia departments at issue.[1] Here, Plaintiff is not proposing the assertions of claims against the Mayor because of vicarious liability, but because of his role as a decision-maker regarding the customs and policy of DYRS and DCFS as they may have led to the detainment of Doe . As a general principle, a municipality is not liable under 42 U.S.C. 1983 for the actions of its employees. However, a municipality may be held liable under 42 U.S.C. 1983 if the allegedly unconstitutional act was committed by an official high enough in the government so that his or her actions can be said to represent a government decision. See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) Plaintiff can establish that the gravamen of his injury flows directly from the DYRS and/or DCFS

---

[1]Amending Plaintiff's complaint shall serve judicial economy as the Sasha Bruce, Inc. has been determined to be a proper party to substitute for Reach Shelter House. And for reasons as shall be set forth below as a proffer pursuant to F.R.C.P. Rule 56 (f) clear factual allegations of Doe's detention may increase the clarity of the pleadings. Amendment substituting Mayor Fenty for the improperly plead D.C. Agencies may diminish the confusion caused by Plaintiff's counsel's in artful pleading.

policies. Therefore, as the ultimate decision maker, the Mayor should be substituted as a party in his official capacity for the improperly named District of Columbia agencies. Nonetheless, the Complaint is certainly clear that it is alleged that the Policies of these Agencies lead to Plaintiff's loss of liberty interest without the due process of law.

## DEFENDANT'S ARGUMENTS RELY ON INFERENCES OF FACTS
## IMPROPER IN MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT

Under F.R.C.P. 12 (b), a Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims which entitle him to relief. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994) *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). The court must treat the complaint's factual allegations-including mixed questions of law and fact-as true, drawing all reasonable inferences in the plaintiff's favor,*Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C.Cir.2003). Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C.Cir.2003). To prevail, the defendant must show "beyond doubt that the [plaintiff] can prove **no set of facts** in support of [plaintiff's] claim which would entitle [him] to relief." *Emphasis Added  Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .

To survive a motion to dismiss for failure to state a claim, a plaintiff need not plead facts beyond those which would "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 998 (quoting *Conley*, 335 U.S. at 47). F.R.C.P.. 8(a)(2) requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." *United States ex rel. Joseph v. Canon*, 206 U.S.App. D.C. 405, 642 F.2d 1373 (1981); *United States ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 114, 116 (D.D.C.2003); see Fed.R.Civ.P. 8, 9.

5

Defendant's theories of dismissal assume facts and/or conclusions to which Defendant is not entitled under F.R.C.P. 12 (b) (6). Defendant certainly is not entitled to summary judgment as a matter of law without the Court accepting numerous inferences of fact without the benefit of discovery to amplify notice pleading. Pursuant to F.R.C.P. Rule 56 (f) the process of discovery is likely to prove some or all of the following facts which, if proven, would prevent Defendant from being entitled to Summary Judgment:

1. Whether Plaintiff's detention could reasonably be considered "secured detention". Plaintiff Proffers that his detention was secured detention and that discovery will show that he was not permitted to leave the Reach Youth Shelter to which he was placed in custody. This fact alone, is established provides a factual basis from which a fact finder could conclude that he was subjected to secured detention.

2. Plaintiff was subject to arrest by issuance of a bench warrant in the event that he was not in compliance with curfew during his shelter incarceration. This is also a fact from which a fact finder could conclude that he was subject to secured detention.

3. That Plaintiff was deprived of a liberty interest while in shelter placement.

4. That Plaintiff remained so, subject to restricted liberty, for a period that was greater than that allowed by District of Columbia statute by exercise of DCFS/DYRS actions or Policies.

5. That Plaintiff, by counsel, sought release from shelter detention by Motion and was not so released.

6. That some official municipal policy (presumably of DCFS/DYRS) of some nature, was the "direct cause" or "moving force" behind his extended deprivation of liberty in constitutional violation.. If fact giving rise to such a conclusion are elicited through discovery, Defendant's *Monell* theory is defeated.

Defendant's Motion to Dismiss cannot survive without the benefit of numerous inferences to which it is not entitled. If any of the above facts, which Plaintiff's proffers

6

reasonably flows from notice pleading in his complaint, are established summary judgment would be improper. Therefore, the mere existence of the possibility of these facts precludes dismissal under F.R.C.P. 12 (b) 6.


**DEFENDANT'S IMMUNITY IS ABANDONED IF FACTS FROM WHICH A VALID EQUAL PROTECTION CLAIM MAY BE ESTABLISHED:**

The Supreme Court has held that a municipality is a "person" and may be held liable under § 1983. (See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Also, it is precedent in this circuit that the District of Columbia be treated as a municipality. (See Haynesworth v. Miller, 820 F.2d 1245, 1271-72 (D.C.Cir.1987)). Moreover, for purposes of argument, the District of Columbia is subject to the requirements of Fifth Amendment Due Process Clause, which contains equal protection component that is considered substantially the same as Equal Protection Clause of the Fourteenth Amendment. (See Mitchell v. Yates, D.D.C.2005, 402 F.Supp.2d 222.)Thus, in the event that Plaintiff shows that DCFS, DYRS, or some other policy of the District of Columbia directly resulted in Plaintiff's loss of liberty for an extended period such that his liberty interest was abridged he has established a valid equal protection claim. Pembaur v. City of Cincinnati, 475 U.S. 469, 480-85 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985).


**SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS**

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

7

Plaintiff alleges, at Paragraph 33 of his Amended Complaint, that he has provided Defendant the required notice under D.C. CODE §12-309. Defendant, conspicuously, does not challenge this fact, nor does it challenge the sufficiency of that notice. It rings disingenuous for Defendant, District of Columbia, to first file an action of Removal from the state court, only to ask the Court to decline to exercise subject matter jurisdiction over Plaintiff's state court claims. For reasons set forth above, Plaintiff's Constitutional claims are viable. Plaintiff is both entitled to Discovery and Amendment of his Complaint, at the juncture, prior to the ultimate sanction of dismissal in the event his causes of action have been in artfully plead. *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C.Cir.2000) Thus, even if Plaintiff had failed to plead all of the elements of any of the claims he has set forth, the in artful pleading doctrine supports that where the facts giving rise to that pleading are not meritless, Dismissal is improper were Amendment may occur.

## DUTY OF CARE OWED BY THE DISTRICT OF COLUMBIA

Defendant's argue that Plaintiff's negligence actions fails because the District of Columbia can only be held liable under a theory of respondeat superior. The District cannot be held liable for the negligence of its independent contractors. While this may be so, it is not what is alleged by Plaintiff. Plaintiff alleges that the District of Columbia owed duties of care to Plaintiff with respect to the supervision, and training, of its employees within the CFS and DYRS. Furthermore, the placement of Plaintiff within Reach Shelter owned and operated by Sasha Bruce, Inc. without first vetting this facility, establishing standards for the training of the staff and the safety and protection of the minor children in their care was also negligent. Defendant's duties to minor children within the District of Columbia's abuse and neglect system include the Child Abuse Prevention Act. The Court in Doe by Fein v. District of Columbia established that Child Abuse Prevention Act created a special relationship between the District and children who are under their supervision. From that moment on, the District had a duty to take certain steps prescribed by the Act for the protection of those children. They further state that District's breach

of that duty is actionable under the special duty exception to the general rule [that general duties to the public at large are not enforceable by particular individuals]. See *Doe by Fein v. District of Columbia*, 93 F.3d 861, 320 U.S.App.D.C. 198, 65 USLW 2149 (1996).

> Focusing first on the duty of care, as a general rule, there is no individual right of action for damages against the government for failure to protect a particular citizen from harm caused by the criminal conduct of another. *Morgan v. District of Columbia,* 468 A.2d 1306, 1310-11 (D.C.1983) (en banc) (citations omitted). A narrow exception to this no-liability rule has been recognized where, for example, "the police by their actions affirmatively undertake to protect an individual under circumstances creating a special relationship or there is a statute or regulation which mandates protection of a particular class and where the individual justifiably relies upon such undertaking of the police, or the statute or regulations...." Id. at 1315. Pertinent to this case, in Turner, supra, we held that the Child Abuse Prevention Act imposes "upon certain public officials specific duties and responsibilities which are intended to protect a narrowly defined and otherwise helpless class of persons: abused and neglected children." *Turner v. District of Columbia,* 532 A.2d 662 at 668 (D.C.1987). Thus, when abused and neglected children have been individually identified to the government agency charged with their protection, then a duty, although narrow and specific, is created by statute to benefit the individually identified persons. Id. at 673. In Turner, we held that evidence sufficient to permit a reasonable *88 juror to find that the District was negligent in fulfilling a special duty under the Act would support a claim for damages proximately resulting from such breach. Id. at 674-75.

District of Columbia v. Harris 770 A.2d 82 (D.C.,2001.)

## CONCLUSION

Plaintiff is permitted under the Federal Rules of Civil Procedure to serve Defendant within 120 days from the time of the removal action. Therefore, it is premature for this Court to entertain Defendant's 12(b)(6) dismissal motion. F.R.C.P. 4(j). Further, and with respect to the merits in his pre-Federal Court Amended Complaint, Plaintiff has presented more than "labels and conclusions." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (May 21, 2007). Plaintiff can establish that there are plausible facts within his claims sufficient to meet the threshold of a viable 1983 case against the District of Columbia. Furthermore, Plaintiff complied

with the relevant local government torts act D.C. opening the way for his commonlaw claims against the District.  For these reasons, Plaintiff asks that Defendant's motion for dismissal be denied in its entirety and this matter is permitted to proceed to litigation on the merits. Furthermore, even to the extent that dismissal may be warranted, as this matter is currently postured to be amended to substitute parties, substituting for proper District of Columbia parties is preferable to dismissal where no judicial economy is achieved by so doing and no delay is occasioned by the amendment.

June 20, 2008                              Respectfully submitted on Plaintiff's behalf,


                                   /s/
                           Richard L. Thompson, II  (Federal # 448816 DC)
                           PO Box 1587
                           201 Centenial Street
                           Suite A-2
                           La Plata, Maryland  20646
                           Dir   (301) 275 -9190
                           Ofc. (301) 645 - 9103
                           Fax (240) 363-0747


                        **CERTIFICATE OF SERVICE**

          I, Richard L. Thompson, II, the undersigned, affirm under penalty of perjury that on this date, June 20, 2008  the foregoing Opposition to Defendant's Motion to Dismiss was sent, via electronic mail by the ECF system, to the following addressee:
Dwayne C. Jefferson, Esq., Assistant Attorney General


                    Respectfully submitted on Plaintiff's behalf,


                                   /s/
                        Richard L. Thompson, II (Federal #448816 DC)