## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

John Doe

      **PLAINTIFF,**

v.

**District of Columbia, et al**

      **DEFENDANTS.**

Civil Action No.:  08-0656 (PLF)

_____

### PLAINTIFF''S OPPOSITION

### TO DEFENDANT''S MOTION TO DISMISS

NOW COMES Plaintiff, JOHN DOE, and opposes Defendant's motion to dismiss his

Amended Complaint. In support of this opposition, Plaintiff states herein as follows:

### PROCEDURAL HISTORY

Plaintiff initiated this civil action in the District of Columbia Superior Court against

defendants including the District of Columbia on about February 25, 2008, for damages and

declaratory relief. See Plaintiff's Amended Complaint.  Plaintiff received an ex parte Order of the

Superior Court allowing Plaintiff to proceed in that forum In Forma Pauperis and Sealing the

Case.  Summones were issued by the District of Columbia Superior Court, and prior to service,

Plaintiff Amended his complaint.  Plaintiff caused to have served a Superior Court Summons,

Complaint, Amended Complaint Motion and Order to proceed In Forma Pauperis and Sealing the

matter upon the Office of Attorney General on or about March 17, 2008. Plaintiff also caused

these same documents to be served upon District of Columbia Mayor, Adrian Fenty by business

process accepted by a Camille Nelsonn at 1350 Pennsylvania, Ave, N.W., Washington, D.C.

1

Following execution of service of the Amended Complaint, however, Defendant District of Columbia, filed a Removal Action and the matter was removed from D.C. Superior Court to this federal court in accordance with 42 U.S.C. §§1441, 1446.

On or about May 27, 2008 Defendant District of Columbia filed his motion to dismiss Plaintiff's complaint in accordance with F.R.C.P. 12(B)(6) and F.R.C.P. 4(j)(2), inter alia, for: (1) failure to effectuate proper service; (2) Defendant's DCFS and DYRS should be dismissed alleging they are *non sui juris; (3)* Count 1 and count 2 should be dismissed alleging Plaintiff's complaint doesn't have a valid Equal Protection claim or that no constitutionally protected interests are at issue; (4) The Court should not assert supplemental jurisdiction over the state law claims.; and (5) alleging the District of Columbia should not be held liable for the negligence of an independent contractor.*(See Defendant's Motion to Dismiss.)*

Defendant's Motion must be denied for several reasons. (1) Defendant's Motion is premature as the time to effect service under the Federal Rules, following removal, as not yet passed. (2) While Plaintiff does not contest whether Defendant's DCFS and DYRS are *non sui juris,* Mayor Adrian Fenty, should be substituted in his official capacity as the policy maker regarding these agencies. Amendment is proper and serves judicial economy as it is agreed that Sascha Bruce, Inc. shall be substituted as a party for Reach Youth Shelter. And the remainder of Defendant's theories are similarly premature in the absence of discovery under F.R.C.P. 56 (f) as facts subject to undermine Defendant's theories of law may be obtained through the exercise of the Court's discovery process.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges notice pleading of actions which occurred while Plaintiff while a minor child. Plaintiff was charged with simple assault under the District of Columbia Code following a fight with a relative in March 2004. Plaintiff was arrested, detained and was stepped back and was sent to Reach Shelter House pending disposition of his case. (See

2

Plaintiff's Amended Complaint)   Evidence will show that while Plaintiff was detained at Reach, his liberty was curtailed and he was subject to a bench warrant in the event his left or merely violated curfew. (See Juvenile Docket Sheet)  He remained so detained for a period of more than seven months, and on September 22, 2004  he was sexually assaulted.  Plaintiff contends that Defendants through its agencies violated District of Columbia Law regards to their duties including those under D.C. Code Chapter 23,Family Division Proceedings §16-2310 Criteria for Detaining Children, that he was detained for an objectively unreasonable period of time; negligent in their training, supervision and securing of the facilities in which minor children are so detained; and that as a result he was placed in the zone of injury and was negligently subjected to emotional distress.  Id.

### PLAINTIFF IS NOT PRECLUDED FROM EFFECTUATING SERVICE:

Defendant argues that Plaintiff's complaint should be dismissed for failure to serve Defendant in compliance with Superior Court Rule 4(j)(1) and Federal Rule of Civil Procedure 4(e)(2). (See Defendant's Motion to Dismiss).  Specifically, that the individual served by Plaintiff's Private Process Server, on behalf of Mayor Adrian Fenty, Camille Nelsonn, was not authorized by statute to accept service of process upon the Mayor and therefore the District of Columbia.  Even assuming, arguendo, that Plaintiff has not effectuated service of process pursuant to the D.C. Court Rules, Plaintiff is permitted 120 days to cure any defective service or serve the complaint and summons under F.R.C.P. 4(j), from the time that the state court action is removed into federal court. (See *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D., 452, 453 (D.C. Colo. 1991)).  Thus, Plaintiff remains entitled to serve upon Defendant the summons and complaint within 120 days from the date of removal, and, Defendant's dispositive motion on these grounds is therefore, premature. (See *Goodstein v. Bombardier Capital, Inc.* 167 F.R.D. 662 D.Vt.,(1996), "motion to dismiss on insufficiency of service of process grounds is premature when filed before the expiration of the 120-day time limit").  Accordingly, Plaintiff has 120 days

from April 15, 2008, the time in which this action was removed from D.C. Superior Court, to

effectuate service of process upon the Defendant in accordance with F.R.C.P. 4(j) or until

approximately August 15, 2008. Id.

## DEFENDANTS DCFS AND DYRS are *non sui juris*

Defendant argues that the Department of Youth Rehabilitation Services, as well as, the

Department of Child & Family Services as sub agencies of the District of Columbia government

are *non sui juris* and as such, are not proper parties. (See Defendant's Motion) Plaintiff does not

challenge this legal assertion concerning the status of these agencies. As previously stated, the

Amended Complaint was properly executed upon the Office of the Attorney General in

compliance with the applicable rule, but will be properly served upon the Mayor and cured

accordingly. See F.R.C.P. 4(j).

Thus, while dismissal of these agencies is certainly proper, Plaintiff intends to move for

Leave to Amend his Complaint in order to substitute Mayor Fenty in his official capacity, as

decision maker of the District of Columbia departments at issue.[1] Here, Plaintiff is not proposing

the assertions of claims against the Mayor because of vicarious liability, but because of his role

as a decision-maker regarding the customs and policy of DYRS and DCFS as they may have led

to the detainment of Doe . As a general principle, a municipality is not liable under 42 U.S.C.

1983 for the actions of its employees. However, a municipality may be held liable under 42

U.S.C. 1983 if the allegedly unconstitutional act was committed by an official high enough in the

government so that his or her actions can be said to represent a government decision. See *Monell*

*v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) Plaintiff

---

[1]Amending Plaintiff's complaint shall serve judicial economy as the Sasha Bruce, Inc. has been determined to be a proper party to substitute for Reach Shelter House. And for reasons as shall be set forth below as a proffer pursuant to F.R.C.P. Rule 56 (f) clear factual allegations of Doe's detention may increase the clarity of the pleadings. Amendment substituting Mayor Fenty for the improperly plead D.C. Agencies may diminish the confusion caused by Plaintiff's counsel's in artful pleading.

can establish that the gravamen of his injury flows directly from the DYRS and/or DCFS policies. Therefore, as the ultimate decision maker, the Mayor should be substituted as a party in his official capacity for the improperly named District of Columbia agencies. Nonetheless, the Complaint is certainly clear that it is alleged that the Policies of these Agencies lead to Plaintiff's loss of liberty interest without the due process of law.

### DEFENDANT'S ARGUMENTS RELY ON INFERENCES OF FACT IMPROPER IN MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT

Under F.R.C.P. 12 (b), a Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims which entitle him to relief. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994) *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). The court must treat the complaint's factual allegations-including mixed questions of law and fact-as true, drawing all reasonable inferences in the plaintiff's favor,*Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C.Cir.2003). Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C.Cir.2003). To prevail, the defendant must show "beyond doubt that the [plaintiff] can prove **no set of facts** in support of [plaintiff's] claim which would entitle [him] to relief." *Emphasis Added  Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .

To survive a motion to dismiss for failure to state a claim, a plaintiff need not plead facts beyond those which would "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 998 (quoting *Conley*, 335 U.S. at 47). F.R.C.P.. 8(a)(2) requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." *United States ex rel. Joseph v. Canon*, 206 U.S.App. D.C. 405, 642 F.2d 1373 (1981); *United States ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 114, 116 (D.D.C.2003); see

Fed.R.Civ.P. 8, 9.

Defendant's theories of dismissal assume facts and/or conclusions to which Defendant is not entitled under F.R.C.P. 12 (b) (6). Defendant certainly is not entitled to summary judgment as a matter of law without the Court accepting numerous inferences of fact without the benefit of discovery to amplify notice pleading. Pursuant to F.R.C.P. Rule 56 (f) the process of discovery is likely to prove some or all of the following facts which, if proven, would prevent Defendant from being entitled to Summary Judgment:

1. Whether Plaintiff's detention could reasonably be considered "secured detention". Plaintiff Proffers that his detention was secured detention and that discovery will show that he was not permitted to leave the Reach Youth Shelter to which he was placed in custody. This fact alone, is established provides a factual basis from which a fact finder could conclude that he was subjected to secured detention.

2. Plaintiff was subject to arrest by issuance of a bench warrant in the event that he was not in compliance with curfew during his shelter incarceration. This is also a fact from which a fact finder could conclude that he was subject to secured detention.

3. That Plaintiff was deprived of a liberty interest while in shelter placement.

4. That Plaintiff remained so, subject to restricted liberty, for a period that was greater than that allowed by District of Columbia statute by exercise of DCFS/DYRS actions or Policies.

5. That Plaintiff, by counsel, sought release from shelter detention by Motion and was not so released.

6. That some official municipal policy (presumably of DCFS/DYRS) of some nature, was the "direct cause" or "moving force" behind his extended deprivation of liberty in constitutional violation.. If fact giving rise to such a conclusion are elicited through discovery, Defendant's *Monell* theory is defeated.

Defendant's Motion to Dismiss cannot survive without the benefit of numerous

inferences to which it is not entitled.  If any of the above facts, which Plaintiff's proffers
reasonably flows from notice pleading in his complaint, are established summary judgment
would be improper.  Therefore, the mere existence of the possibility of these facts precludes
dismissal under F.R.C.P. 12 (b) 6.


**DEFENDANT'S IMMUNITY IS ABANDONED IF FACTS FROM WHICH A VALID
EQUAL PROTECTION CLAIM MAY BE ESTABLISHED:**

The Supreme Court has held that a municipality is a "person" and may be held liable

under § 1983. (See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56
L.Ed.2d 611 (1978)).  Also, it is precedent in this circuit that the District of Columbia be treated
as a municipality. (See Haynesworth v. Miller, 820 F.2d 1245, 1271-72 (D.C.Cir.1987)).
Moreover, for purposes of argument, the District of Columbia is subject to the requirements of
Fifth Amendment Due Process Clause, which contains equal protection component that is
considered substantially the same as Equal Protection Clause of the Fourteenth Amendment. (See
Mitchell v. Yates, D.D.C.2005, 402 F.Supp.2d 222.)Thus, in the event that Plaintiff shows that
DCFS, DYRS, or some other policy of the District of Columbia  directly resulted in Plaintiff's
loss of liberty for an extended period such that his liberty interest was abridged he has established
a valid equal protection claim. Pembaur v. City of Cincinnati, 475 U.S. 469, 480-85 (1986); City
of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985).


**SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS**

An action may not be maintained against the District of Columbia for unliquidated

damages to person or property unless, within six months after the injury or damage was
sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the
District of Columbia of the approximate time, place, cause and circumstances of the injury or

damage.

Plaintiff alleges, at Paragraph 33 of his Amended Complaint, that he has provided Defendant the required notice under D.C. CODE §12-309. Defendant, conspicuously, does not challenge this fact, nor does it challenge the sufficiency of that notice. It rings disingenuous for Defendant, District of Columbia, to first file an action of Removal from the state court, only to ask the Court to decline to exercise subject matter jurisdiction over Plaintiff's state court claims. For reasons set forth above, Plaintiff's Constitutional claims are viable. Plaintiff is both entitled to Discovery and Amendment of his Complaint, at the juncture, prior to the ultimate sanction of dismissal in the event his causes of action have been in artfully plead. *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C.Cir.2000) Thus, even if Plaintiff had failed to plead all of the elements of any of the claims he has set forth, the in artful pleading doctrine supports that where the facts giving rise to that pleading are not meritless, Dismissal is improper were Amendment may occur.

## DUTY OF CARE OWED BY THE DISTRICT OF COLUMBIA

Defendant's argue that Plaintiff's negligence actions fails because the District of Columbia can only be held liable under a theory of respondeat superior. The District cannot be held liable for the negligence of its independent contractors. While this may be so, it is not what is alleged by Plaintiff. Plaintiff alleges that the District of Columbia owed duties of care to Plaintiff with respect to the supervision, and training, of its employees within the CFS and DYRS. Furthermore, the placement of Plaintiff within Reach Shelter owned and operated by Sasha Bruce, Inc. without first vetting this facility, establishing standards for the training of the staff and the safety and protection of the minor children in their care was also negligent. Defendant's duties to minor children within the District of Columbia's abuse and neglect system include the Child Abuse Prevention Act. The Court in Doe by Fein v. District of Columbia established that Child Abuse Prevention Act created a special relationship between the District and children who are under their supervision. From that moment on, the District had a duty to take certain steps

prescribed by the Act for the protection of those children. They further state that District's breach of that duty is actionable under the special duty exception to the general rule [that general duties to the public at large are not enforceable by particular individuals]. See *Doe by Fein v. District of Columbia*, 93 F.3d 861, 320 U.S.App.D.C. 198, 65 USLW 2149 (1996).

> Focusing first on the duty of care, as a general rule, there is no individual right of action for damages against the government for failure to protect a particular citizen from harm caused by the criminal conduct of another. *Morgan v. District of Columbia,* 468 A.2d 1306, 1310-11 (D.C.1983) (en banc) (citations omitted). A narrow exception to this no-liability rule has been recognized where, for example, "the police by their actions affirmatively undertake to protect an individual under circumstances creating a special relationship or there is a statute or regulation which mandates protection of a particular class and where the individual justifiably relies upon such undertaking of the police, or the statute or regulations...." Id. at 1315. Pertinent to this case, in Turner, supra, we held that the Child Abuse Prevention Act imposes "upon certain public officials specific duties and responsibilities which are intended to protect a narrowly defined and otherwise helpless class of persons: abused and neglected children." *Turner v. District of Columbia,* 532 A.2d 662 at 668 (D.C.1987). Thus, when abused and neglected children have been individually identified to the government agency charged with their protection, then a duty, although narrow and specific, is created by statute to benefit the individually identified persons. Id. at 673. In Turner, we held that evidence sufficient to permit a reasonable *88 juror to find that the District was negligent in fulfilling a special duty under the Act would support a claim for damages proximately resulting from such breach. Id. at 674-75.

District of Columbia v. Harris 770 A.2d 82 (D.C.,2001.)

## CONCLUSION

Plaintiff is permitted under the Federal Rules of Civil Procedure to serve Defendant within 120 days from the time of the removal action. Therefore, it is premature for this Court to entertain Defendant's 12(b)(6) dismissal motion. F.R.C.P. 4(j). Further, and with respect to the merits in his pre-Federal Court Amended Complaint, Plaintiff has presented more than "labels and conclusions." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (May 21, 2007). Plaintiff can establish that there are plausible facts within his claims sufficient to meet the

threshold of a viable 1983 case against the District of Columbia.  Furthermore, Plaintiff complied with the relevant local government torts act D.C. opening the way for his common law claims against the District.  For these reasons, Plaintiff asks that Defendant's motion for dismissal be denied in its entirety and this matter is permitted to proceed to litigation on the merits. Furthermore, even to the extent that dismissal may be warranted, as this matter is currently postured to be amended to substitute parties, substituting for proper District of Columbia parties is preferable to dismissal where no judicial economy is achieved by so doing and no delay is occasioned by the amendment.

June 20, 2008                            Respectfully submitted on Plaintiff's behalf,


                                        /s/
                                Richard L. Thompson, II  (Federal # 448816 DC)
                                PO Box 1587
                                201 Centenial Street
                                Suite A-2
                                La Plata, Maryland  20646
                                Dir  (301) 275 -9190
                                Ofc. (301) 645 - 9103
                                Fax (240) 363-0747


## CERTIFICATE OF SERVICE

I, Richard L. Thompson, II, the undersigned, affirm under penalty of perjury that on this date, June 20, 2008  the foregoing Opposition to Defendant's Motion to Dismiss was sent, via electronic mail by the ECF system, to the following addressee:

Dwayne C. Jefferson, Esq., Assistant Attorney General


                        Respectfully submitted on Plaintiff's behalf,


                                        /s/
                                Richard L. Thompson, II (Federal #448816 DC)

10

Result: 5 Day Hold For Petition

03/18/2004 Complaint--Detention Filed

*** End of Report ***

04/14/2004 Event Resulted:
        The following event: Status Hearing scheduled
        for 04/14/2004 at 9:30 am has been resulted as
        follows:

        Result: Status Hearing Held

        ~~████████████████████~~(Agency)
        ~~████████████████████~~(Respondent) ACC
        ~~████████~~CONT'D TO 06/09/2004 FOR TRIAL

03/25/2004 Petition Filed

03/25/2004 Event Scheduled:
        Event: Status Hearing
        Date: 04/14/2004     Time: 9:30 am
        Judge: BYRD, JERRY S.     Location: Courtroom
        JM-1 RESPONDENT RELEASED UPON CONDITIONS.

        Result: Status Hearing Held

03/25/2004 Event Resulted:
        The following event: Further Detention Hearing
        scheduled for 03/25/2004 at 9:45 am has been
        resulted as follows:

        Result: Initial Hearing Held FURTHER INITIAL
        HEARING HELD. RESPONDENT RELEASED UPON
        CONDITIONS. ~~████~~TUS SET 4/14/04 JUDGE BYRD
        ~~████████████~~(Respondent); Ms STACEY L LEWIS
        (Attorney) on behalf of PIERRE LESESNE
        (Respondent)

03/18/2004 Court Appointed Attorney/CJA
        Attorney: LEWIS, Ms STACEY L (464058)
        ~~████████████~~(Respondent); Ms STACEY L LEWIS
        (Attorney) on behalf of ~~████████████~~
        (Respondent); Judge Honorable DIANA HARRIS
        EPPS on behalf of Judge

03/18/2004 Attorney Information
        Attorney LEWIS, Ms STACEY L representing
        Respondent ~~████████~~ as of 03/18/2004

03/18/2004 Event Scheduled:
        Event: Further Detention Hearing
        Date: 03/25/2004     Time: 9:45 am
        Judge: HARRIS EPPS, Honorable DIANA
        Location: JM-19 RESPONDENT IS RELEASED.

        Result: Initial Hearing Held

03/18/2004 Event Resulted:
        The following event: Initial Hearing scheduled
        for 03/18/2004 at 9:50 am has been resulted as
        follows:

        Result: 5 Day Hold For Petition RESPONDENT
        RELEASED UPON CONDITIONS

03/18/2004 Cross-Reference Check Found Related
        Cases-04CPO775, 04CPO776

03/18/2004 Event Scheduled:
        Event: Initial Hearing
        Date: 03/18/2004     Time: 9:50 am
        Judge: HARRIS EPPS, Honorable DIANA
        Location:

08/23/2004 Event Scheduled:
            Event: Custody Order Hearing
            Date: 08/23/2004    Time: 2:15 pm
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1
            Result: Custody Order Quashed

08/19/2004 Custody Order Signed and Filed

08/19/2004 Event Resulted:
            The following event: Disposition Hearing
            scheduled for 08/19/2004 at 8:30 am has been
            resulted as follows:

            Result: Custody Order Issued by Court
            Ms STACEY L LEWIS (Attorney) on behalf of
            ▓▓▓▓▓▓ (Respondent)
            Participant(s): Judge JERRY S. BYRD on behalf
            of Judge RESPONDENT DID NOT APPEAR.

06/09/2004 Event Scheduled:
            Event: Disposition Hearing
            Date: 08/19/2004    Time: 8:30 am
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1

            Result: Custody Order Issued by Court

06/08/2004 Charge Code Sheet Filed

06/08/2004 Social Services Directional Form Filed

06/08/2004 Waiver of Trial & Plea of Guilty Order Signed
            and Filed

06/08/2004 Return to Custody Pursuant to Prior Order
            Signed and Filed  -  Release Order  to

06/08/2004 Event Resulted:
            The following event: Trial scheduled for
            06/08/2004 at 8:30 am has been resulted as
            follows:

            Result: Juvenile Trial Not Held
            ▓▓▓▓▓▓▓ (Respondent); ▓▓▓▓▓▓▓
            (Natural Mother); Ms STACEY L LEWIS (Attorney)
            on behalf of PIERRE LESESNE (Respondent)
            PRESENT RESPONDENT WITHDRAWS NOT GUILTY PLEA
            AND ENTER PLEA OF GUILTY TO COUNT (A) SIMPLE
            ASS. COUNT (B) DISMISSED AS PART OF PLEA
            AGREEMENT. CASE CONT'D TO 08/19/2004 FOR
            DISPOSITION.

04/14/2004 Notice to Return to Court filed.

04/14/2004 Event Scheduled:
            Event: Trial
            Date: 06/08/2004    Time: 8:30 am
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1

            Result: Guilty Plea Entered

10/22/2004 Event Resulted:
          The following event: Status Hearing scheduled
          for 10/22/2004 at 9:30 am has been resulted as
          follows:

          Result: Juvenile Status Hearing Held
          ▓▓▓▓▓▓▓▓▓▓ (Respondent); EARNEST LESESNE
          (Natural Father); Ms STACEY L LEWIS (Attorney)
          on behalf of ▓▓▓▓▓▓▓▓▓ (Respondent);
          Judge JERRY S. BYRD PRESENT CASE CONT'D
          TO01/05/2005 FOR STATUS. NEURO-PSYCHOLOGICAL
          AND PSYCHIATRIC EXAMS ORDERED.


09/29/2004 Notice to Return to Court filed.


09/29/2004 Event Scheduled:
          Event: Status Hearing
          Date: 10/22/2004    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Juvenile Status Hearing Held


09/29/2004 Event Resulted:
          The following event: Review Of  Probation
          scheduled for 09/29/2004 at 9:30 am has been
          resulted as follows:

          Result: Juvenile Disposition Hearing Not Held
          ▓▓▓▓▓▓▓▓▓▓ (Respondent); EARNEST LESESNE
          (Natural Father); Ms STACEY L LEWIS (Attorney)
          on behalf of ▓▓▓▓▓▓▓▓ (Respondent);
          Judge JERRY S. BYRD PRESENT CASE CONT'D TO
          10/22/04 FOR STATUS.


08/24/2004 Event Scheduled:
          Event: Review Of  Probation
          Date: 09/29/2004    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Juvenile Disposition Hearing Not Held


08/24/2004 Detention Order Signed and Filed  ●


08/23/2004 Notice to Return to Court filed.


08/23/2004 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 08/23/2004 at 3:15 pm has been
          resulted as follows:

          Result: Custody Order Quashed


08/23/2004 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 08/23/2004 at 3:15 pm has been
          resulted as follows:

          Result: Juvenile Custody Order Hearing Held
          ▓▓▓▓▓▓▓▓▓▓ (Respondent); ▓▓▓▓ LESESNE
          (Natural Mother); ▓▓▓▓ LESESNE (Natural
          Father); Ms STACEY L LEWIS (Attorney) on
          behalf of ▓▓▓▓▓▓▓ (Respondent); Judge
          JERRY S. BYRD on behalf of Judge PRESENT
          CUSTODY ORDER QUASHED, RESPONDENT STEP BACK TO
          YOUTH SHELTER HOUSE. CASE CONT'D TO 09/29/2004
          FOR REVIEW OF PROBATION.

Result: Scheduled Hearing Changed

03/31/2005 Notice to Return to Court Filed.
▓▓▓▓▓▓▓▓▓▓▓ (Respondent); Ms STACEY L LEWIS
(Attorney) on behalf of ▓▓▓▓▓▓▓▓▓▓
(Respondent); Judge JERRY S. BYRD

03/31/2005 Event Resulted:
The following event: Disposition Hearing
scheduled for 03/31/2005 at 9:30 am has been
resulted as follows:

Result: Juvenile Disposition Hearing Not Held,
CASE CONT'D TO 04/26/2005 FOR DISPOSITION
▓▓▓▓▓▓▓▓ (Respondent); ▓▓▓▓▓▓
(Natural Mother); Ms STACEY L LEWIS (Attorney)
on behalf of ▓▓▓▓▓▓▓▓▓▓ (Respondent);
Judge JERRY S. BYRD

03/29/2005 Memorandum - Supplemental Court Report

03/29/2005 Memorandum - Supplemental Court Report

01/05/2005 Notice to Return Entered on Docket

01/05/2005 Event Scheduled:
Event: Disposition Hearing
Date: 03/31/2005    Time: 9:30 am
Judge: BYRD, JERRY S.    Location: Courtroom
JM-1

Result: Juvenile Disposition Hearing Not Held

01/05/2005 Event Resulted:
The following event: Status Hearing scheduled
for 01/05/2005 at 9:30 am has been resulted as
follows:

Result: Juvenile Status Hearing Held and case
set for Disposition before Jdg. J. Byrd.
Release remans.
▓▓▓▓▓▓▓▓▓▓ (Respondent); ▓▓▓▓▓▓▓▓▓
(Natural Mother); Ms STACEY L LEWIS (Attorney)
on behalf of ▓▓▓▓▓▓▓▓ (Respondent);
Judge JERRY S. BYRD

12/16/2004 Psychiatric Evaluation Report Filed

10/22/2004 Notice to Return to Court filed.

10/22/2004 Mental/PhysicalExaminationPriorAdjudicationSign
ed.Filed NEURO PSYCHOLOGICAL EXAM

10/22/2004 Mental/PhysicalExaminationPriorAdjudicationSign
ed.Filed PSYCHIATRIC EXAM

10/22/2004 Event Scheduled:
Event: Status Hearing
Date: 01/05/2005    Time: 9:30 am
Judge: BYRD, JERRY S.    Location: Courtroom
JM-1

Result: Juvenile Status Hearing Held

Condition #1: Entry Date: 05/11/2005
Condition #2: Condition: Individual Therapy
Condition #2: Entry Date: 05/11/2005
Condition #3: Condition: No Rearrests
Condition #3: Entry Date: 05/11/2005

05/11/2005 Case Disposed/Plea - Probation

05/11/2005 Social Services Directional Form Filed
                (Respondent); ███████████
          (Natural Mother); ; Ms STACEY L LEWIS
          (Attorney) on behalf of ███████████
          (Respondent); Judge JERRY S. BYRD

05/11/2005 Release Order Entered on Docket
          PIERRE LESESNE (Respondent); ███████████
          (Natural Mother); ; Ms STACEY L LEWIS
          (Attorney) on behalf of ███████
          (Respondent); Judge JERRY S. BYRD

05/11/2005 Probation Order Entered on Docket
                ██████████ (Respondent);
          (Natural Mother); ; Ms STACEY L LEWIS
          (Attorney) on behalf of Pi███████████
          (Respondent); Judge JERRY S. BYRD

05/11/2005 Event Resulted:
          The following event: Disposition Hearing
          scheduled for 05/11/2005 at 9:30 am has been
          resulted as follows:

          Result: Juvenile Disposition Hearing Held,
          RESPONDENT PLACED ON PROBATION FOR ONE YEAR TO
          EXPIRE ON 05/11/2006
                ██████████ (Respondent); ███████████
          (Natural Mother); ; Ms STACEY L LEWIS
          (Attorney) on behalf of Pi███████
          (Respondent); Judge JERRY S. BYRD

05/09/2005 Memorandum-Case Update Filed

04/26/2005 Notice to Return to Court Filed.

04/26/2005 Memorandum

04/25/2005 Continuance Request Filed

04/22/2005 Event Scheduled:
          Event: Disposition Hearing
          Date: 05/11/2005    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Juvenile Disposition Hearing Held

04/22/2005 Notice of Hearing Date Issued.

          Notice of Hearing Date--Juvenile
          Sent on: 04/22/2005 12:54:31

04/01/2005 Event Scheduled:
          Event: Disposition Hearing
          Date: 04/26/2005    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

11/08/2005 Event Scheduled:
          Event: Custody Order Hearing
          Date: 11/08/2005    Time: 11:45 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Child Detained


11/08/2005 Custody Order Executed


08/18/2005 Alert Issued
          Custody Order Abscondance issued on:
          08/18/2005
          For: ████████████████


08/18/2005 Custody Order Issued


08/17/2005 Custody Order Signed by Judge Byrd. Order
          forwarded to Clerk's Office for processing.


08/17/2005 Custody Order Signed by Judge Byrd. Order
          forwarded to Clerk's Office for processing.


08/17/2005 Request to Issue Custody Order Submitted to
          Chambers Of Judge Byrd


08/16/2005 Request to Issue Custody Order Filed
          REQUEST TO ISSUE CUSTODY SCANNED BY F. STINNEY


07/20/2005 Event Resulted:
          The following event: Review Of  Probation
          scheduled for 07/20/2005 at 9:30 am has been
          resulted as follows:

          Result: Juvenile Review of Probation Held,
          RESPONDENT'S PROBATION CONT'D. NO FUTHER DATES
          SET.
          ████████████████ (Respondent) ;
          (Natural Mother) ; Ms STACEY L LEWIS
          (Attorney) on behalf of R████████████
          (Respondent); Judge JERRY S. BYRD


07/20/2005 Review of Probation Signed and Filed
          ████████████████ (Respondent); A███████████
          (Natural Mother) ; Ms STACEY L LEWIS
          (Attorney) on behalf of ████████████████
          (Respondent); Judge JERRY S. BYRD


06/10/2005 Event Scheduled:
          Event: Review Of  Probation
          Date: 07/20/2005    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Juvenile Review of Probation Held


05/12/2005 Disposition:
          Sentence Date: 05/11/2005
          Concurrent Sentence
          Probation Type: Supervised Probation
          Probation Start Date: 05/11/2005
          Probation Years: 1
          Probation Days: 1
          Probation End Date: 05/11/2006
          Condition #1: Condition: Curfew

11/10/2005 Event Scheduled:
          Event: Juvenile Secure Detention Status
          Hearing
          Date: 11/10/2005    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Child Detained

          Result: Child Returned to Custody

11/09/2005 Event Resulted:
          The following event: Status Hearing-Custody
          Order scheduled for 11/09/2005 at 9:30 am has
          been resulted as follows:

          Result: Juvenile Secure Detention Status Held,
          CASE CONT'D TO 11/10/2005 FOR FORENSIC REPORT.
          PIERRE LESESNE (Respondent); ; Ms STACEY L
          LEWIS (Attorney) on behalf of ████████████
          (Respondent); Judge JERRY S. BYRD

11/09/2005 Return to Custody Pursuant to Prior Order
          Entered on Docket
          PIERRE LESESNE (Respondent); ; Ms STACEY L
          LEWIS (Attorney) on behalf of ████████████
          (Respondent); Judge JERRY S. BYRD

11/08/2005 Detention Order Entered on Docket
          PIERRE LESESNE (Respondent); ; Ms STACEY L
          LEWIS (Attorney) on behalf of ████████████
          (Respondent); Judge JERRY S. BYRD

11/08/2005 Mental/PhysicalExaminationAfterAdjudicationSign
          ed&Filed

11/08/2005 Event Scheduled:
          Event: Status Hearing-Custody Order
          Date: 11/08/2005    Time: 9:30 am
          Judge: BYRD, JERRY S.    Location: Courtroom
          JM-1

          Result: Juvenile Secure Detention Status Held

11/08/2005 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 11/08/2005 at 11:45 am has been
          resulted as follows:

          Result: Child Detained

11/09/2005 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 11/08/2005 at 11:45 am has been
          resulted as follows:

          Result: Juvenile Custody Order Hearing Held
          AAG, GUTY AND THE REP FROM SUNRISE ACADEMY
          PRESENT. CUSTODY ORDER HEARING HELD AND THE
          COURT DETAINS THE RESPONDENT TO HAVE AN
          EMERGENCY FORENSIC EVALUATION DONE.CASE IS
          CONTINUED TO 11/09/05 @ 9:30 BEFOR JUDGE BYRD
          IN JM-1.

12/02/2005 Motion To Dismiss Pursuant To 16-2315 & Rule
            48B And Memorandum Of Points And Authorities
            In Support
            Attorney: LEWIS, Ms STACEY L (464058)


12/01/2005 Event Scheduled:
            Event: Probation  Revocation Hearing
            Date: 12/05/2005    Time: 9:30 Am
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1

            Result: Juvenile Probation Revocation Held


12/01/2005 Notice of Hearing Date Issued.

            Notice of Hearing Date--Juvenile
            Sent on: 12/01/2005  14:46:44


11/30/2005 Petition to Revoke Probation Filed
            Attorney: CHESSER, Ms BARBARA K (47.927)


11/28/2005 Custody Order Quashed


11/28/2005 Alert Canceled
            Custody Order Ascendance canceled on:
            11/08/2005
            For: L▬▬▬▬▬▬


11/10/2005 Return to Custody Pursuant to Prior Order
            Entered on Docket


11/10/2005 Event Scheduled:
            Event: Juvenile Secure Detention Status
            Hearing
            Date: 12/05/2005    Time: 9:30 am
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1

            Result: Juvenile Secure Detention Status Held


11/10/2005 Event Resulted:
            The following event: Juvenile Secure Detention
            Status Hearing scheduled for 11/10/2005 at
            9:00 am has been resulted as follows:

            Result: Child Returned To Custody


11/10/2005 Event Resulted:
            The following event: Juvenile Secure Detention
            Status Hearing scheduled for 11/10/2005 at
            9:30 am has been resulted as follows:

            Result: Juvenile Secure Detention Status Held
            CTRM JM-1 AAG,COUNSEL PRESENT. RESPONDENT NOT
            BROUGHT TO COURT. CASE SET FOR STATUS HEARING
            ON DECEMBER 5, 2005 @ 9:30 AM IN JM-1 BEFORE
            JUDGE BYRD. RESPONDENT REMAINS DETAINED AT OAK
            HILL./
            Ms STACEY L LEWIS (Attorney) on behalf of
            ▬▬▬▬▬▬▬ (Respondent)
            Participant(s): Judge JERRY S. BYRD

12/08/2005 Return to Custody Pursuant to Prior Order
Entered on Docket
████████████ (Respondent); ; ████████████
(Natural Mother); ; Ms STACEY L LEWIS
(Attorney) on behalf of █████████████
(Respondent); Judge JERRY S. BYRD
Scanned by Tcunningham

12/05/2005 Event Resulted:
The following event: Probation  Revocation
Hearing scheduled for 12/05/2005 at 9:30 am
has been resulted as follows:

Result: Juvenile Probation Revocation Held.
RESPONDENT'S PROBATION REVOKED. CASE CONT'D TO
01/18/2006 (JACKET IN CHAMBERS)
█████████████ (Respondent); ████████████
(Natural Mother); ; Ms STACEY L LEWIS
(Attorney) on behalf of █████████████
(Respondent); Judge JERRY S. BYRD

12/05/2005 Event Scheduled:
Event: Disposition Hearing
Date: 01/18/2006    Time: 9:30 am
Judge: BYRD, JERRY S.    Location: Courtroom
JM-7

Result: Juvenile Disposition Hearing Not Held

12/05/2005 Return to Custody Pursuant to Prior Order
Entered on Docket
Participant(s): Judge JERRY S. BYRD

12/05/2005 Review of Probation Order Entered on Docket
██████████ (Respondent); ████████████
(Natural Mother); ; Ms STACEY L LEWIS
(Attorney) on behalf of █████████████
(Respondent); Judge JERRY S. BYRD
Scanned by Tcunningham

12/05/2005 Order SIGNED by Judge Byrd. Copies mailed to
parties from Chambers. Order Forwarded to
Clerk's Office for processing.
Scanned by Tcunningham

Result: Scheduled Hearing Vacated

01/18/2006 Event Resulted:
The following event: Disposition Hearing
scheduled for 01/18/2006 at 9:30 am has been
resulted as follows:

Result: Juvenile Disposition Hearing Not Held,
case cont'd to 03/30/2006 for disposition.
██████████ (Respondent); █████████
(Natural Mother); ; Ms STACEY L LEWIS
(Attorney) on behalf of P████████
(Respondent); Judge JERRY S. BYRD

01/18/2006 Notice to Return to Court Filed.
█████████ (Respondent);

01/17/2006 Memorandum

12/12/2005 Government's Opposition to Respondent's Motion
Requesting That The Department of Youth And
Rehabilitative Services Transmit the Respondent
ot Sunrise Academy While the Respondent is at
the Youth Service Center Awaiting a Youth
Shelter House Placement.
Attorney: DAILEY, Ms LAURA L (458276)

12/09/2005 Motion to Modify The Order Of The Intermedate
Review Of Probation To Allow Respondent To
Attend School And Memorandum And Points Of
Authorities In Support Filed
Attorney: LEWIS, Ms STACEY L (464058)

12/05/2005 Notice to Return to Court Filed.
Scanned by Pcunningham

12/05/2005 Detained at Youth Shelter House
Proceeding Placement Tracking Information for
LEGSEND, PIERRE

Proceeding Status: Juvenile Detention - Not
Secured
                              Start Date:
12/05/2005
                              End Date:

Placement Code: Juvenile Youth Shelter House
                              Start Date:
12/05/2005
                              End Date:

12/05/2005 Probation Revoked

12/05/2005 Event Resulted:
The following event: Juvenile Secure Detention
Status Hearing scheduled for 12/05/2005 at
9:30 am has been resulted as follows:

Result: Juvenile Secure Detention Status Held,
CASE CONT'D TO 01/18/2006 FOR DISPOSITION
██████████ (Respondent);
(Natural Mother); ; Ms STACEY L LEWIS
(Attorney) on behalf of █████████
(Respondent); Judge JERRY S. BYRD

03/23/2006 Custody Order Quashed
            Scanned by Sheila Ward

03/17/2006 Custody Order Quashed in Court

03/17/2006 Event Resulted:
            The following event: Custody Order Hearing
            scheduled for 03/17/2006 at 11:45 am has been
            resulted as follows:

            Result: Juvenile Custody Order Hearing Held,
            custody order quashed, case cont'd to
            03/28/2006 for disposition. respondent return
            to four "C" youth shelter house.
            ██████████ (Respondent); ; Ms STACEY L.
            LEWIS (Attorney) on behalf of ██████████
            (Respondent); Judge JERRY S. BYRD

03/17/2006 Event Scheduled:
            Event: Disposition Hearing
            Date: 03/28/2006    Time: 9:30 am
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1

            Result: Child Detained

03/17/2006 Notice to Return to Court Filed.
            ██████████ (Respondent);

03/17/2006 Detention Order Entered on Docket
            ██████████ (Respondent); ; Ms STACEY L
            LEWIS (Attorney) on behalf of ██████████
            (Respondent); Judge JERRY S. BYRD

03/17/2006 Event Scheduled:
            Event: Custody Order Hearing
            Date: 03/17/2006    Time: 11:45 am
            Judge: BYRD, JERRY S.    Location: Courtroom
            JM-1

            Result: Juvenile Custody Order Hearing Held

03/04/2006 Custody Order Issued   BY JUDGE DAVIS FOR JUDGE
            BYRD ( SAT)

03/04/2006 Alert Issued
            Custody Order Ascendance issued on:
            03/04/2006
            For: ██████████
            Bond Amt:
            Alert Conditions(s):

03/04/2006 Custody Order Signed and Filed   JUDGE DAVIS
            IN JM-15 SAT

03/04/2006 Request to Issue Custody Order Submitted to
            JM-15

03/03/2006 Request to Issue Custody Order Filed

01/23/2006 Event Scheduled:
            Event: Disposition Hearing
            Date: 03/30/2006    Time: 9:30 am
            Judge: BYRD, JERRY S.    Location: Courtroom

with Conditions(s):

03/19/2006 Order for custody signed by Judge Byrd. Order
           forwarded to Clerk's Office for processing.

09/18/2006 Request to Issue Custody Order Submitted to
           Chambers of Judge Byrd

09/18/2006 Request to Issue Custody Order Filed
           SCANNED BY:  V. STROMAN

04/03/2006 Probation Revoked-Respondent Committed on
           3/28/06.

03/28/2006 Commitment Order Entered on Docket

03/28/2006 Disposition:
           Proceeding Placement Tracking Information for
           ▉▉▉▉▉▉▉▉▉▉

           Proceeding Status: Juvenile - Committed to DYRS
                                         Start Date:
           03/27/2006
                                         End Date:

           Placement Code: Oak Hill
                                         Start Date:
           03/27/2006
                                         End Date:

03/28/2006 Event Resulted:
           The following event: Disposition Hearing
           scheduled for 03/28/2006 at 9:30 am has been
           resulted as follows:

           Result: Child Detained

03/28/2006 Event Resulted:
           The following event: Disposition Hearing
           scheduled for 03/28/2006 at 9:30 am has been
           resulted as follows:

           Result: Courtroom JM-11. Juvenile Disposition
           Hearing Held. Ordered that the respondent is
           committed to DYRS
           for an indeterminate period not exceed March
           27, 2008. Note:  The Court recommends
           Protective Custody.
           Order signed.
           ▉▉▉▉▉▉▉▉▉ (Respondent); A▉▉▉▉▉▉▉▉▉
           (Natural Mother); ; Ms STACEY L LEWIS
           (Attorney; on behalf of ▉▉▉▉▉▉▉
           (Respondent), Judge JERRY S. BYRD

03/28/2006 Event Resulted:
           The following event: Disposition Hearing
           scheduled for 03/30/2006 at 9:30 am has been
           resulted as follows:

           Result: Scheduled Hearing Vacated

03/23/2006 Alert Served
           Custody Order Abscondance served on:
           03/17/2006
           For: ▉▉▉▉▉▉▉▉▉▉

11/24/2006 Alert Served
          CO Issued-Absccondance served on: 11/24/2006
          For: ██████████


11/24/2006 Custody Order Quashed


11/22/2006 Custody Order Quashed in Court, respondent
          return to OAK HILL for DYRS placement.


11/22/2006 Return to Custody Pursuant to Prior Order
          Entered on Docket
          ██████████ (Respondent); ; Judge JERRY S
          BYRD


11/21/2006 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 11/21/2006 at 2:00 pm has been
          resulted as follows:

          Result: Attorney Unavailable
          Judge: BYRD, JERRY S     Location: Courtroom
          JM-1


11/21/2006 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 11/21/2006 at 2:00 pm has been
          resulted as follows:

          Result: Juvenile Custody Order Hearing Not
          Held, case cont'd to 11/22/2006 for custody
          order hearing.
          Judge: BYRD, JERRY S     Location: Courtroom
          JM-1
          ██████████ (Respondent); ; Judge JERRY S
          BYRD


11/21/2006 Event Scheduled:
          Event: Custody Order Hearing
          Date: 11/22/2006     Time: 9:30 am
          Judge: BYRD, JERRY S     Location: Courtroom
          JM-1


11/21/2006 Detention Order entered on Docket
          ██████████ (Respondent); ; Judge JERRY S
          BYRD


11/21/2006 Custody Order Executed
          Respondent Attachment-1 In The Juvenile
          Cellblock


11/21/2006 Event Scheduled:
          Event: Custody Order Hearing
          Date: 11/21/2006     Time: 2:00 pm
          Judge: BYRD, JERRY S     Location: Courtroom
          JM-1
          Respondent Attachment-1 In The Juvenile
          Cellblock

          Result: Attorney Unavailable


09/19/2006 Custody Order Issued BY JUDGE BYRD

09/19/2006 Alert Issued
          CO Issued-Abscondance issued on: 09/19/2006
          For: ██████████
          Bond Amt:

05/31/2007 Return to Custody Pursuant to Prior Order
Entered on Docket
████████████ (Respondent) ; Ms STACEY L
LEWIS (Attorney) on behalf of ████████
(Respondent); Judge JERRY S BYRD

05/31/2007 Cross-Reference Check Completed Found Related
Cases-01NEG1426, 04CPO775, 04CPO776

05/31/2007 Event Scheduled:
Event: Custody Order Hearing
Date: 05/31/2007    Time: 10:25 am
Judge: BYRD, JERRY S    Location: Courtroom
JM-1

Result: Juvenile Custody Order Hearing Held

05/31/2007 Custody Order Executed-Respondent in Juvenile
cellblock#CK2

01/22/2007 Alert Issued
CO Issued-Absconder issued on: 01/19/2007
For: ████████████
Bond Amt:
MIN #: W0571595
Alert Conditions(s):

01/22/2007 Custody Order Issued

01/19/2007 Custody Order Signed by Judge Byrd. Order
forwarded to Clerk's Office for processing.

01/18/2007 Request to Issue Custody Order Submitted to
Chambers Of Judge Byrd

01/17/2007 Request to Issue Custody Order Filed

12/20/2006 Requests Not Submitted Scanned & Filed

12/20/2006 Request to Withdraw Custody Order Filed
SCANNED BY JBUBY

12/20/2006 Request to Issue Custody Order Filed
SCANNED BY JBUBY

Plant (Notice (Respondent); ; Judge JERRY S
BYRD

07/13/2007 Return to Custody Pursuant to Prior Order
entered on Docket
████████████ (Respondent); ; Judge JERRY S
BYRD

07/13/2007 Event Scheduled:
Event: Custody Order Hearing
Date: 07/13/2007    Time: 11:30 am
Judge: BYRD, JERRY S    Location: Courtroom
JM-1

Result: Child Returned to Custody

07/13/2007 Custody Order Executed Respondent Arrested
Respondent in The Juvenile Cellblock

07/04/2007 Custody Order Issued

07/04/2007 **Alert Issued
CO Issued-Abscondance issued on: 07/04/2007
For: ████████████
Bond Amt:
Alert Conditions(s):

07/04/2007 Custody Order Signed and Filed   M-JUDGE
DALTON FRO JUDGE BYRD

07/04/2007 Request to Issue Custody Order Submitted to
JM-15

07/04/2007 Request to Issue Custody Order Filed

06/04/2007 Alert Served
CO Issued-Abscondance served on: 06/04/2007
For: ████████████
AIN #:  W0571385

06/04/2007 Custody Order Quashed
SCANNED BY:  V. STROMAN

05/31/2007 Event Resulted:
The following event: Custody Order Hearing
scheduled for 05/31/2007 at 10:25 am has been
resulted as follows:

Result: Juvenile Custody Order Hearing Held,
custody order quashed, respondent committed to
DYRS in this case. Respondent return to DYRS
for placement.
Judge: BYRD, JERRY S    Location: Courtroom
JM-1
████████████ (Respondent); ; Ms STACEY L
LEWIS (Attorney) on behalf of ████████████
(Respondent); Judge JERRY S BYRD

06/31/2007 Custody Order Quashed in Court
████████████ (Respondent); ; Ms STACEY L
LEWIS (Attorney) on behalf of ████████████
(Respondent); Judge JERRY S BYRD

Jr ▓▓▓▓▓▓▓▓▓▓ (Respondent); ; Ms STACEY L
LEWIS (Attorney) on behalf of ▓▓▓▓▓▓▓▓▓▓
(Respondent); Judge JERRY S BYRD

11/08/2007 Event Scheduled:
          Event: Custody Order Hearing
          Date: 11/08/2007    Time: 10:00 am
          Judge: BYRD, JERRY S    Location: Courtroom
          JM-1

          Result: Juvenile Custody Order Hearing Held

11/05/2007 Custody Order Issued

11/05/2007 Alert Issued
          CO Issued-Abscondance issued on: 11/05/2007
          For: ▓▓▓▓▓▓▓▓▓▓
          Bond Amt:
          Alert Condition(s):

11/05/2007 Custody Order Signed and Filed by Judge Byrd
          in chambers and jacket returned to branch on
          11/05/07. NOV.IC.

10/29/2007 Request to Issue Custody Order Submitted to
          Chambers Of Judge Byrd

10/29/2007 Request to Issue Custody Order Filed

07/16/2007 Alert Served
          CO Issued-Abscondance served on: 07/13/2007
          For: ▓▓▓▓▓▓▓▓▓▓

07/16/2007 Custody Order Quashed
          SCANNED BY: Y. STROMAN

07/13/2007 Cross-Reference Check Completed Found Related
          Cases-01NEG1426

07/13/2007 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 07/13/2007 at 11:30 am has been
          resulted as follows:

          Result: Child Returned to Custody
          Judge: BYRD, JERRY S    Location: Courtroom
          JM-1

07/13/2007 Event Resulted:
          The following event: Custody Order Hearing
          scheduled for 07/13/2007 at 11:30 am has been
          resulted as follows:

          Result: Juvenile Custody Order Hearing Held,
          custody order quashed, respondent committed to
          DYRS in this case, return to DYRS for
          placement.
          Judge: BYRD, JERRY S    Location: Courtroom
          JM-1
          ▓▓▓▓▓▓▓▓▓▓ (Respondent); ; Judge JERRY S
          BYRD

07/13/2007 Custody Order Quashed In Court

02/02/2008 Custody Order Issued

02/02/2008 Custody Order Signed By Judge W. Jackson For
           Judge Byrd and Filed

02/02/2008 Request to Issue Custody Order Submitted to
           Courtroom JM-15

02/02/2008 Request to Issue Custody Order Filed

01/28/2008 Requests Not Submitted Scanned & Filed

01/28/2008 Request to Withdraw Custody Order Filed

01/28/2008 Request to Issue Custody Order Filed

01/14/2008 Requests Not Submitted Scanned & Filed

01/14/2008 Request to Withdraw Custody Order Filed

01/14/2008 Request to Issue Custody Order Filed

11/24/2007 Requests Not Submitted Scanned & Filed

11/24/2007 Request to Withdraw Custody Order Filed

11/24/2007 Request to Issue Custody Order Filed

11/10/2007 Case Reviewed and Checklist Completed for
           WITHDRAWAL OF CUSTODY
           ORDER_____
                              (Type of Event)


11/10/2007 Custody Order Quashed

11/10/2007 Alert Served
           CO Issued-Abscondance served on: 11/09/2007
           For: ▮▮▮▮▮▮▮▮▮▮

11/08/2007 Custody Order Quashed In Court
           ▮▮▮▮▮▮▮▮▮▮▮ (Respondent);

11/08/2007 Return to Custody Pursuant to Prior Order
           Entered on Docket
           ▮▮▮▮ ▮▮▮▮▮▮ (Respondent);

11/08/2007 Event Resulted: MISSING JACKET-INSERT
           The following event: Custody Order Hearing
           scheduled for 11/08/2007 at 10:00 am has been
           resulted as follows:

           Result: Juvenile Custody Order Hearing Held
           CUSTODY ORDER QUASHED IN COURT. RESPONDENT
           RETURNED TO OAK HILL FOR DYRS OR RELEASED TO
           DYRS SOCIAL WORKER.  RESPONDENT IS COMMITTED
           IN THIS CASE. NO FURTHER DATES SET.
           Judge: BYRD, JERRY S    Location: Courtroom

Result: Child Returned to Custody
Judge: BYRD, JERRY S     Location: Courtroom
JM-1

02/25/2008 Event Resulted:
The following event: Custody Order Hearing
scheduled for 02/25/2008 at 11:30 am has been
resulted as follows:

Result: Juvenile Custody Order Hearing Held,
respondent committed in this case, return to
DYRS for placement.
Judge: BYRD, JERRY S     Location: Courtroom
JM-1
▬▬▬▬▬▬▬▬(Respondent); ; Judge JERRY S
BYRD

02/25/2008 Custody Order Quashed in Court
▬▬▬▬▬▬▬ (Respondent); ; Judge JERRY S
BYRD

02/25/2008 Return to Custody Pursuant to Prior Order
Entered on Docket
▬▬▬▬▬▬ (Respondent); ; Judge JERRY S
BYRD

02/25/2008 Custody Order Executed
Respondent ON-4 In The Juvenile Cellblock

02/25/2008 Event Scheduled:
Event: Custody Order Hearing
Date: 02/25/2008     Time: 11:30 am
Judge: BYRD, JERRY S     Location: Courtroom
JM-1

Result: Juvenile Custody Order Hearing Held

Result: Child Returned to Custody

02/13/2008 Request to Issue Custody Order Filed

02/11/2008 Request to Withdraw Custody Order Filed

02/09/2008 Request to Issue Custody Order Filed

02/07/2008 Request to Withdraw Custody Order Submitted to
Chambers of Judge Byrd

02/01/2008 Request to Withdraw Custody Order Filed

02/02/2008 Alert Issued
CO Issued-Abscondance Issued on: 02/02/2008
For: ▬▬▬▬▬▬▬▬
Bond Amt:
RTN #: W0719861
Alert Condition(s):

2004 EBL 000583          IN THE MATTER OF: ████████████████████          JSB

03/31/2008 Case Reviewed and Checklist Completed for
           WITHDRAWAL OF CUSTODY
           ORDER_____
                                    (Type of Event)


03/26/2008 Custody Order Quashed


03/26/2008 Alert Cancelled
           CO Issued-Abscondance canceled on: 03/24/2008
           For: ████████████
           WIN #: WC744596


03/24/2008 Order Issued to Quash Custody Order.
           Signed in chambers by Judge Byrd on 3/24/08.


03/20/2008 Request to Withdraw Custody Order Submitted to
           Chambers of Judge Byrd


03/17/2008 Request to Withdraw Custody Order Filed


03/13/2008 Custody Order Issued


03/13/2008 Alert Issued
           CO Issued-Abscondance issued on: 03/13/2008
           For: ████████████
           Bond Amt:
           WIN #: WC744596
           Alert Conditions(s):


03/12/2008 Custody Order Signed and Filed.
           Signed in chambers by Judge Byrd on 3/12/08.
           Jacket returned to branch.


03/12/2008 Request to Issue Custody Order Submitted to
           Chambers of Judge Byrd


03/12/2008 Request to Issue Custody Order Filed


02/27/2008 Case Reviewed and Checklist Completed for
           WITHDRAWAL OF CUSTODY
           ORDER_____
                                    (Type of Event)


02/27/2008 Custody Order Quashed


02/27/2008 Alert Cancelled
           CO Issued-Abscondance canceled on: 02/25/2008
           For: ████████████
           WIN #: WC719561


02/25/2008 Event Resulted:
           The following event: Custody Order Hearing
           scheduled for 02/25/2008 at 11:30 am has been
           resulted as follows: