UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : C.A. No.: 08-656 (PLF) |
| DISTRICT OF COLUMBIA, *et al.,* | : |
| Defendants. | : |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
ON BEHALF OF THE DISTRICT OF COLUMBIA, THE DEPARTMENT OF CHILD &
FAMILY SERVICES, AND THE DEPARTMENT OF YOUTH REHABILITATION SERVICES**

Defendants District of Columbia ("District"), Department of Child & Family Services ("DCFS"), and Department of Youth & Rehabilitation Services ("DYRS"), by and through undersigned counsel, hereby submit their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. For clarity's sake, captions recited in this reply brief track captions recited in Plaintiff's opposition memo

**I.    SERVICE OF PROCESS**

During the May 30, 2008, Status Conference, this Honorable Court instructed Plaintiff to perfect service on Defendant District of Columbia. Though the Court record reflects that, on July 3, 2008, summons was issued as to this Defendant, there is no record confirming that service has in fact been perfected on the District. Plaintiff should not be allowed to proceed against this defendant until he has shown proper service against the District.

## II.   DEFENDANTS DCFS AND DYRS ARE *NON SUI JURIS*

Plaintiff concedes that the Department of Child & Family Services as well as the Department of Youth & Rehabilitation Services are non sui juris. [Docket # 12 at p. 4]. Thus, Plaintiff's Complaint must be dismissed against these Defendants.

On the other hand, Plaintiff suggests that he will seek leave of Court to amend the Complaint by substituting Mayor Adrian Fenty in his official capacity as a party defendant. [Docket # 12 at p. 4]. Government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005). The U.S. Supreme Court has ruled upon the issue of official-capacity suits — holding that:

> official-capacity suits…"[g]enerally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit, is in all respects other than name, to be treated as a suit against the entity. …The real party in interest is the entity. Thus, …a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985); s*ee also, Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992).

In this case, Mayor Fenty's presence would be duplicative as he would be sued in his official capacity only, and the District is already a party defendant. Moreover, an application of the established case law in the District clearly demonstrates that Plaintiff is

not entitled to duplicative recovery and must look to the District for any requested relief. Accordingly, Mayor Fenty must not be named as a party defendant.

### III.    INFERENCES OF FACT

As stated in Defendants' motion, the plain text of D.C. Official Code § 16-2310(e)(1) clearly reveals that its 30-day limitation only applies to children placed in secure detention, not those placed in shelter care. [Docket # 9 at p. 10]. Thus Plaintiff, who admittedly was placed at the Reach Youth *Shelter*, is not among the class of persons protected by § 16-2310(e)(1). *Id.*

Yet, Plaintiff seems to argue that Defendants' reading of § 16-2310 relies on "inferences of fact" improper in a motion to dismiss. [Docket # 12 at pp. 5 – 6]. Apparently, the purported factual inferences involve, among other things, "whether Plaintiff's detention could reasonably be considered secured detention" and, without citing the statute itself or any countervailing jurisprudence, Plaintiff encourages this Court to permit further "discovery to amplify notice pleading." These arguments have no legal basis because of the well settled principle that the construction of a statute raises a clear question of law. *Murphy v. Okeke*, --- A.2d ----, 2008 WL 2605065 (D.C. 2008) (citing *Jackson v. United States,* 819 A.2d 963, 965 (D.C. 2003) (quoting *Ashton Gen. P'ship v. Federal Data Corp.,* 682 A.2d 629, 632 (D.C. 1996)). Thus, Plaintiff's argument notwithstanding, this Court alone is entitled to determine whether Plaintiff is among the class of persons protected by the 30-day dispositional hearing requirement of § 16-2310(e)(1) for children placed in secure detention. But for Plaintiff's admission that he was placed in shelter care, not one more factual inference is involved in this Court's determination.

**III.    EQUAL PROTECTION**

Plaintiff suggests that he might be able to establish an equal protection clause action. [Docket # 12 at p. 7]. Yet, Counts I and II of his Complaint do not even recite the phrase equal protection, much less recite allegations sufficient to withstand a Rule 12(b)(6) motion to dismiss an equal protection claim. For starters, the Complaint does not suggest that Plaintiff is part of a protected class. Instead, throughout his Compliant, Plaintiff takes issue with the purported deprivation of procedural due process protections afforded him under § 16-2310. His equal protection argument first made in opposition comes too late. *See, e.g. Dialysis Clinic, Inc. v. Leavitt*, 518 F.Supp.2d 197 (D.D.C. 2007); *La. PSC v. FERC,* 482 F.3d 510, 521 (D.C.Cir.2007) (citing *Grant v. U.S. Air Force,* 197 F.3d 539, 542 n. 6 (D.C.Cir.1999).

**IV.    SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS**

During the May 30, 2008, Status Conference, this Honorable Court expressed its inclination to retain jurisdiction over the case even if the federal questions are dismissed. Though the District stands by arguments asserted in its Motion to Dismiss, the matter is within the Court's discretion. [Docket # 9 at pp. 11 – 12].

**V.    DUTY OF CARE**

Plaintiff argues that the District did not assert non-liability based on his failure to comply with D.C. Official Code § 12-309. However, although a notice letter was sent to the Mayor relating to his claim, a review of the letter shows that there is no basis for which this defendant knew or should have known that it bore liability in this case. *See* March 3, 2005 Letter (attached as Exhibit "A"). In *District of Columbia v. Royal,* 465 A.2d 367 (D.C. 1983), the Court held that an indemnification clause similar to the one in

this case was not broad enough to indemnify the District against liability for its own negligence.

According to the allegations set forth in his March 3, 2005 letter, Plaintiff was sent to REACH Youth Shelter pursuant to an Order of the Superior Court of the District of Columbia Family Division.  *See* March 3, 2005 Letter (attached as Exhibit "A").  Plaintiff was allegedly assaulted while in the custody of REACH.  Other than aver that the District contracted with REACH facility, there is no specific basis by which the District should have known that based on its own actions it was liable for Plaintiff's alleged injuries.  Instead, according to the letter itself, the actions of an independent contractor caused the injury to Plaintiff.  *See* March 3, 2005 Letter (attached as Exhibit "A") ("He was violated and assaulted *while under the direct supervision of the youth shelter's staff*.") (emphasis added).  Therefore, the common law claims against this defendant must be dismissed.

The crux of the District's argument in its motion is that it delegated its duty to Reach Youth Shelter to provide housing and shelter to Plaintiff, and does not bear liability for the actions of the independent contractor.  *See W.M. Schlosser Co., Inc. v. Maryland Drywall Co., Inc.*, 673 A.2d 647 (D.C. 1996).  Moreover, the District owed no duty to protect Plaintiff from the criminal acts of third parties because it also delegated that duty (if any) to Reach Youth Shelter.  Furthermore, where an injury is caused by the intervening criminal act of a third party, Courts have repeatedly held that liability depends upon "a more heightened showing of foreseeability" than would be required if the act were merely negligent. *Bailey v. District of Columbia,* 668 A.2d 817, 819 (D.C.1995). In such a case, the plaintiff bears the burden of establishing that the criminal

act "was so foreseeable that a duty arises to guard against it," *Potts v. District of Columbia*, 697 A.2d 1249, 1252 (D.C. App. 1997). The Complaint allegations clearly reflect that Plaintiff has not adequately pled negligence against the District, and this claim must be dismissed.

        Respectfully Submitted,

        PETER J. NICKLES
        Interim Attorney General, District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ___Dwayne C. Jefferson_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649 p | (202) 727-6295 | (202) 741-0554 fax
        dwayne.jefferson@dc.gov

# Exhibit A

LAW OFFICE OF
**STACEY L. LEWIS**
1250 H STREET, N.E.
WASHINGTON, D.C. 20002

**CONFIDENTIAL**

TELEPHONE (202) 398-4244
FACSIMILE (202) 399-7195

ADMITTED IN THE LISTED JURISDICTIONS
DISTRICT OF COLUMBIA
NEW YORK
OHIO*
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
* INACTIVE

March 3, 2005

Honorable Anthony Williams
Mayor of the District of Columbia
1350 Pennsylvania Avenue
John A. Wilson Bldg.
Mayor's Correspondence Unit
2nd Floor
Washington, D.C. 20004

      Re: In re: PL D.C. Official Code §12-309 Notice Regarding a sexual assault at
           REACH Youth Shelter House

Dear Mayor Williams:

      Pursuant to District of Columbia Official Code §12-309 ▇▇▇▇ ("hereinafter PL"), a minor child, through undersigned counsel, hereby gives notice of claim to the District of Columbia. As a basis for his claim you are advised of the following:

      PL was sexually assaulted while in the physical custody of the REACH Youth Shelter, 716 I Street, S.E., Washington, D.C. 20002, pursuant to an Order of the Superior Court of the District of Columbia Family Division – Juvenile and Neglect Branch in juvenile case number J-583-04. On September 22, 2004, while at the shelter, PL was awakened by a boy placing his penis on his mouth and putting lotion on his head. The police were called to the youth shelter house and a report was taken. The juvenile offender plead guilty to an offense related to the incident. As a result of the sexual assault, PL suffers from post-traumatic stress disorder, and other related symptoms.

      PL was in the custody of a facility contracted by the District of Columbia. He had a reasonable expectation that he would be secure and safe while in custody. He was violated and assaulted while under the direct supervision of the youth shelter's staff. Thus the District of Columbia is on notice that PL intends to file a lawsuit against the entity on the grounds of assault, battery, negligence and intentional infliction of emotional distress, and negligence.

03/05/05
Page 2

      Accordingly, PL notifies the District of Columbia of the aforementioned. MS intends to seek compensatory and punitive damages, plus reasonable attorney fees.

                                            Very truly,

                                            Stacey L. Lewis

Cc: Risk Management, Claims Office