UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JOHN DOE,                                 )
                                          )
         Plaintiff,                       )
                                          )
    v.                                    )   Civil Action No. 08-0656 (PLF)
                                          )
DISTRICT OF COLUMBIA, *et al.*,           )
                                          )
         Defendants.                      )
_____ )

MEMORANDUM OPINION AND ORDER

This matter came before the Court on a motion to dismiss filed by defendants the District of Columbia, the District of Columbia Department of Child & Family Services, and the District of Columbia Department of Youth Rehabilitation Services (the "government defendants").[1] Upon consideration of the government defendants' motion, plaintiff's opposition thereto, the government defendants' reply and the entire record in this case, the Court by Order of March 31, 2009 (1) granted the government defendants' motion to dismiss as *non sui juris* the District of Columbia Department of Child & Family Services and the District of Columbia Department of Youth Rehabilitation Services, and (2) denied the remainder of the government defendants' motion. This Memorandum Opinion and Order explains the reasoning underlying the March 31, 2009 Order; requires the parties to re-evaluate the feasibility of settlement in light of a recent legislative enactment; and directs the parties to submit new briefs if settlement fails.

---

[1] The papers submitted in connection with this matter include: Defendants' Motion to Dismiss ("Mot."); Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opp."); and Reply to Plaintiff's Opposition to Motion to Dismiss ("Reply").

I.   BACKGROUND

Plaintiff alleges that in 2004 he was placed in a youth shelter operated by Sasha Bruce Youthwork, Inc. ("Sasha Bruce"), "a non-profit corporation operating in the District of Columbia that contracts with [the District of Columbia Department of Youth Rehabilitation Services] to provide temporary shelter for juveniles under the jurisdiction of the District of Columbia Superior Court." Defendant Sasha Bruce Youthwork's Answer to Plaintiff's Amended Complaint ¶ 5.[2] According to Mr. Doe, the government defendants placed him in the shelter after he was charged with assaulting a relative. See Opp. at 2. He was 15 years old at the time. Mr. Doe claims that he "remained in [the shelter] pending disposition of his [assault] case for approximately seven months" without receiving a fact-finding hearing as contemplated by District of Columbia law. First Amended Complaint ¶ 12 ("Compl."); see also id. ¶ 22 (citing 16 D.C. CODE § 2310). He also claims that he was sexually assaulted by two older children while in shelter care. See id. ¶ 26. On February 25, 2008, Mr. Doe filed suit in the Superior Court of the District of Columbia against the government defendants and the youth shelter in which he was placed. The case was subsequently removed to this Court pursuant to 28 U.S.C. § 1441 because Mr. Doe's first amended complaint includes claims under the United States Constitution and 42 U.S.C. § 1983. See Doe v. District of Columbia, Civil Action No. 08-0656, Notice of Removal at 1-2 (D.D.C. April 15, 2008).

---

[2]   Mr. Doe's first amended complaint improperly identified Reach Youth Shelter, rather than Sasha Bruce, as a party defendant. On November 12, 2008, the Court granted Mr. Doe leave to file a motion to amend his complaint for the purpose of substituting Sasha Bruce for Reach Youth Shelter as a defendant. See Doe v. District of Columbia, Civil Action No. 08-0656, Memorandum Opinion and Order at 2 (D.D.C. Nov. 12, 2008). To date, Mr. Doe has failed to do so. In any event, neither Reach nor Sasha Bruce has filed a dispositive motion in this matter, so neither figures into this Memorandum Opinion and Order.

Mr. Doe asserts four claims against the government defendants. In Count I, Mr. Doe seeks declaratory relief. Specifically, he seeks (1) "a judicial declaration that [the government defendants'] policy of holding minor children in shelter detention for undetermined periods of time greater than 30 days [without providing hearings on the charges for which they are placed in shelter care] deprived [Mr. Doe] and deprives all other similarly-situated minor children [of] their rights under the Fifth Amendment of the U.S. Constitution and laws of the District of Columbia [– in particular, 16 D.C. CODE § 2310]," Compl. ¶ 41; and (2) "a judicial declaration as to the duties of [the District of Columbia Department of Youth Rehabilitation Services] and court social services with respect to the care and supervision of minor children without parental control." Id. ¶ 42. In Count II, Mr. Doe seeks relief under 42 U.S.C. § 1983, arguing that he was "deprived of his constitutional rights and due process of law" because he was forced to remain in the youth shelter without a hearing for an extended period of time and endured sexual assault while there. Id. ¶ 45. In Count III, Mr. Doe seeks relief under a negligence theory: that is, he argues that the government defendants' failure "to properly train, supervise, control, direct and monitor their agents" proximately caused the physical and psychological injuries he suffered at the youth shelter. Id. ¶¶ 50-52. Finally, in Count IV (incorrectly numbered as a second Count III), Mr. Doe asserts a common law claim for negligent infliction of emotional distress. See id. ¶¶ 53-56.

The government defendants have moved to dismiss Mr. Doe's claims against them. They contend that (1) Mr. Doe's claims against the District of Columbia should be dismissed pursuant to Rule 4(j) of the Federal Rules of Civil Procedure because Mr. Doe has failed to serve the Mayor of the District of Columbia, and (2) Mr. Doe's claims against the two

District of Columbia agencies should be dismissed because those agencies are *non sui juris*. The government defendants further argue that (3) Counts I and II should be dismissed for failure to state a claim because Mr. Doe was placed in "shelter care" rather than "secure detention," and therefore was not entitled to an expeditious fact-finding hearing under 16 D.C. CODE § 2310 (an argument explained in greater detail below). Finally, the government defendants argue that (4) the Court should decline to exercise supplemental jurisdiction over Mr. Doe's common law claims in Counts III and IV, but that even if the Court were to assert supplemental jurisdiction over those claims, the Court should dismiss them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because the government defendants cannot be held liable for the acts or omissions of an independent contractor like the youth shelter in which Mr. Doe was placed. See Mot. at 1.

## II.  DISCUSSION

*A.  Service on the District of Columbia*

On July 20, 2008, Mr. Doe filed proof of service upon the Mayor of the District of Columbia, including an affidavit by the process server stating that service had been effected upon "Ms. Tabatha Braxton." Ms. Braxton is one of the individuals designated to receive service of process on behalf of the Mayor of the District of Columbia. See Mot. at 6. Thus, as it appears that Mr. Doe has properly served the Mayor – and as the government defendants have failed to argue otherwise since Mr. Doe filed his proof of service – the Court declines to dismiss Mr. Doe's claims against the District of Columbia for lack of proper service.[3]

---

[3]   The government defendants do not argue that Mr. Doe's service upon the District of Columbia is defective in any other way.

### B.  Non Sui Juris *Agencies*

As noted above, Mr. Doe has asserted claims against two agencies of the District of Columbia government: the District of Columbia Department of Child & Family Services and the District of Columbia Department of Youth Rehabilitation Services.  According to the government defendants, Mr. Doe's claims against these two agencies must be dismissed because they are *non sui juris* – that is, "not suable as separate entities."  Mot. at 7 (citing several cases explaining that agencies of the District of Columbia government are *non sui juris* absent specific statutory provisions to the contrary).  Mr. Doe rightly concedes this point.  See Opp. at 4.  The Court therefore dismisses the two agencies as defendants.

### C.  *Other Issues*

Counts I and II of Mr. Doe's first amended complaint are predicated on the claim that the District of Columbia acted in an unlawful manner by keeping Mr. Doe in a youth shelter for an extended period of time without a fact-finding hearing.  In support of this claim, Mr. Doe points to 16 D.C. CODE § 2310, entitled "Criteria for detaining children."  At the time Mr. Doe filed suit, Section 2310 provided, in pertinent part, as follows:

> (a) A child shall not be placed in *detention* prior to a factfinding hearing or a dispositional hearing unless he is alleged to be delinquent or in need of supervision and unless it appears from available information that detention is required [to protect others or the child, or to secure the child's presence at the next hearing.]
>
> * * *
>
> (b) A child shall not be placed in *shelter care* prior to a factfinding hearing or a dispositional hearing unless it appears from available information that shelter care is required [to protect the child, or to ensure that the child receives adequate supervision and care.]

* * *

>  (e)  Fact finding hearings for children placed in *secure detention* shall be held within the time limits provided in this subsection.
>
>  (1)  Except as provided in this subsection, whenever a child has been placed in *secure detention* prior to a fact finding hearing pursuant to §§ 16-2310 through 16-2313, the fact finding hearing set forth in § 16-2316 shall commence not later than 30 days from the date at which the Division authorized the child to be detained pursuant to § 16-2312, unless the child is charged with murder, assault with intent to kill, first degree sexual abuse, burglary in the first degree, or robbery while armed, in which case the fact finding hearing shall commence not later than 45 days from the date at which the Division authorized the child to be securely detained.
>
>  * * *
>
>  (4)  Upon motion by or on behalf of the child, a child in *secure detention* shall be released from custody if the fact finding hearing is not commenced within the time period set forth in this subsection.

16 D.C. CODE § 2310 (2008) (emphasis added).

The government defendants argue that Counts I and II must be dismissed for failure to state a claim because Section 2310(e) guarantees an expeditious hearing *only* to children placed in secure detention, *not* to children placed in shelter care.  More specifically, the government defendants argue that Mr. Doe's

> procedural due process claims cannot survive unless this Court determines that the 30-day hearing provision of § 16-2310 creates a constitutionally protectable life, liberty or property interest applicable to children placed in shelter care.  However, the plain text of § 16-2310(e)(1) clearly reveals that its 30-day limitation only applies to children placed in secure detention – not those placed in shelter care.

Mot. at 10.  See also Reply at 3 (arguing that Mr. Doe "is not among the class of persons

protected by" Section 2310(e)).  Alternatively, the government defendants argue that even if Section 2310 does guarantee an expeditious hearing to children placed in shelter care, Counts I and II still must be dismissed because Section 2310(e)(4) provides the "sole remedy" for children denied an expeditious hearing.  Mot. at 10.  Mr. Doe responds that Section 2310 provides an adequate basis for Counts I and II because his placement in the youth shelter amounted to a "secure detention" within the meaning of Section 2310(e).  See Opp. at 6.

Oddly, neither party has moved to update or supplement their papers in light of the Juvenile Speedy Trial Equity Congressional Review Emergency Act of 2009, see D.C. ACT 18-7 (2009) (the "2009 Act"), a piece of emergency legislation passed by the District of Columbia Council on January 6, 2009 and signed into law by the Mayor on January 29, 2009.  The 2009 Act amends Section 2310 to make clear that a child placed in "shelter care," like a child placed in "secure detention," is entitled to an expeditious hearing.  For example, the 2009 Act amends Section 2310(e) as follows: "The lead-in text is amended by striking the phrase 'placed in secure detention' and inserting the phrase 'ordered into secure detention *or ordered into shelter care*' in its place."  Id. (emphasis added).  The 2009 Act also adds a new section, Section 2310(e)(1)(C), which provides:

> whenever a child has been ordered into *shelter care* before a factfinding hearing pursuant to §§ 16-2310 through 16-2313, the factfinding hearing set forth in § 16-2316 shall commence not later than 45 days from the date at which the Family Court ordered the child to be placed in shelter care pursuant to § 16-2312.

Id. (emphasis added).  Also potentially relevant to this case is new Section 2310(f), which provides that "[n]o provision [of Section 2310] shall be interpreted as a bar to any claim of denial of speedy trial as required by the Sixth Amendment of the United States Constitution."  Id.

7

It is difficult to imagine that the 2009 Act does not substantially alter – or at least inform – the parties' arguments with respect to Counts I and II. The Court therefore concludes that it would be unwise to address those arguments without first allowing the parties to update and supplement their papers. Nor will the Court address the parties' arguments with respect to Counts III and IV at this time. It is entirely possible that the parties' arguments with respect to those counts might be affected by the 2009 Act as well and might influence this Court's decision as to whether to exercise supplemental jurisdiction. In any event, it would be more efficient to resolve all of the parties' substantive disputes at the same time. Thus, the Court will (1) deny without prejudice the remainder of the government defendants' motion to dismiss, and (2) order the parties to submit new briefs that include a discussion of the 2009 Act and its import for this case. The Court will also order the parties to re-evaluate the feasibility of settlement in light of the 2009 Act.

### III.  CONCLUSION

For the reasons stated above, on March 31, 2009 the Court issued an Order granting in part and denying in part the government defendants' motion to dismiss. Consistent with that Order, it is hereby

ORDERED that the District of Columbia Department of Child & Family Services and the District of Columbia Department of Youth Rehabilitation Services – but not the District of Columbia – are dismissed as defendants in this matter; it is

FURTHER ORDERED that on or before May 8, 2009, the parties shall meet and confer to re-evaluate the feasibility of settlement in light of the 2009 Act; it is

FURTHER ORDERED that, if the parties do not settle this matter, the government defendants shall file a new dispositive motion on or before May 22, 2009. That new dispositive motion must discuss the import for this case of the 2009 Act; it is

FURTHER ORDERED that the plaintiff shall oppose the government defendants' new dispositive motion on or before May 29, 2009; and it is

FURTHER ORDERED that the government defendants shall file a reply in support of their new dispositive motion on or before June 5, 2009.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 21, 2009