```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 08-0656 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

OPINION

This matter is before the Court on defendant the District of Columbia's supplemental motion to dismiss plaintiff John Doe's complaint.[1] On March 29, 2010, after careful consideration of the parties' arguments, the relevant laws, and the entire record in this case, the Court issued an Order that granted the motion in part and denied it in part, dismissing only Count I of the plaintiff's complaint.[2] This Opinion explains the reasoning underlying that Order.

---

[1] Because this action concerns the plaintiff's juvenile legal record, his identity remains under seal by order of the Superior Court of the District of Columbia. See Notice of Removal, Ex. B.

[2] The filings considered by the Court and cited in this Opinion include: Notice of Removal, Ex. A ("Compl."); the District of Columbia's motion to dismiss ("MTD"); and the plaintiff's supplemental opposition to the defendant's motion to dismiss and supplemental motion to dismiss ("Supp. Opp.").

## I. BACKGROUND

### A. Juvenile Delinquency Proceedings in the District of Columbia

In the District of Columbia, a person under the age of eighteen may be deemed a "delinquent child" by the Family Division of the Superior Court if he "has committed a delinquent act and is in need of care or rehabilitation." D.C. CODE § 16-2301(6). A "delinquent act" is "an act designated as an offense under the law of the District of Columbia, or of a State if the act occurred in a State." Id. § 16-2301(7). To initiate a delinquency proceeding against a child in the Family Division, the Attorney General of the District of Columbia must file a petition identifying "the specific statute or ordinance on which the charge [of delinquency] is based" and alleging "that the child appears to be in need of care or rehabilitation." Id. § 16-2305(d).

Adjudication of the delinquency petition "consists of a two-step process: (1) a factfinding hearing to determine whether the allegations of the petition are true, and (2) a dispositional hearing to determine whether the child is in need of care and supervision." In re Dom.L.S., 722 A.2d 343, 347 (D.C. 1998); see D.C. CODE §§ 16-2301(16), (17), 16-2317. The court, not a jury, makes all required factual and legal findings for each proceeding. D.C. CODE § 16-2317. Even if the court determines after the factfinding hearing that the allegedly delinquent child has violated a criminal statute, the child may not be found delinquent, and must be discharged, if the court subsequently determines at or after the dispositional hearing that the child "is not in need of care and rehabilitation." In re Dom.L.S., 722 A.2d at 347; see D.C. CODE § 16-2317(d)(1). If the court does determine at the dispositional hearing that the child requires "care and rehabilitation," it may order any one of several possible dispositions, including the transfer of legal custody of the child to a public agency or private organization, or the placement

of the child on probation "under such conditions and limitations as the [court] may prescribe."
D.C. CODE § 16-2320(c).

A child subject to delinquency proceedings may be detained by the District in one of two ways prior to the final disposition of his case: he may be placed in "detention" — "the temporary, secure custody of a child in facilities[] designated by the [court]" — or in "shelter care," defined as "the temporary care of a child in physically unrestricting facilities[] designated by the [court]." D.C. CODE § 16-2301(13), (14). Before being placed in either form of institutional custody, the child must be afforded a hearing. Id. § 16-2310.

At all times relevant to this case, the District of Columbia Code provided:

Fact finding hearings for children placed in secure detention shall be held within the time limits provided for in this subsection.

(1) . . . whenever a child has been placed in secure detention prior to a fact finding hearing . . . , the fact finding hearing . . . shall commence not later than 30 days from the date at which the [court] authorized the child to be detained . . . .

D.C. CODE § 16-2310(e) (2008). The statute did not place a limit on the amount of time that a child may be required to spend in shelter care prior to a factfinding hearing.[3]

### B. Plaintiff's Delinquency Proceedings

According to his First Amended Complaint, plaintiff John Doe "was charged with simple assault" under District of Columbia law when he was fifteen years old. Compl. ¶¶ 9-10. The allegations of the complaint do not clearly explain the course of the resulting deliquency

---

[3] The statute was amended in 2009 to set a limit on the amount of time that a child may be kept in shelter care prior to a factfinding hearing. See Juvenile Speedy Trial Equity Act of 2008, D.C. Law No. 17-0328, 56 D.C. Reg. 661 (Jan. 23, 2009). Since that statutory provision was not in effect during the period that the plaintiff was detained by the District, the Court does not address it further.

3

proceedings in the Family Division of the Superior Court. The plaintiff alleges simply that "after adjudication on the charge of simple assault," he "was step-backed [*sic*] to shelter care and was sent to Reach Shelter House," where he remained for roughly seven months "pending disposition of his case." Compl. ¶¶ 11-12. The meaning of those allegations is ambiguous. Because the plaintiff alleges that his charge was "adjudicated" before he was placed in shelter care, and because, in the statutory scheme governing juvenile proceedings in the District of Columbia, the word "disposition" typically refers to a separate dispositional hearing that follows a "factfinding hearing," see D.C. CODE §§ 16-2301(16)-(17), 16-2317, the plaintiff's allegations may mean that Mr. Doe was detained in shelter care after a factfinding hearing but before a dispositional hearing. Other statements in the plaintiff's complaint and other filings, however, suggest that Mr. Doe was sent to shelter care prior to his factfinding hearing, see, e.g., Compl. ¶¶ 21-22, 25; Supp. Opp. at 5, and the District of Columbia seems to assume or concede that such was the case. See MTD at 1. For present purposes, then, the Court will assume that the complaint alleges that Mr. Doe was detained in shelter care before receiving either a factfinding hearing or a dispositional hearing.

Mr. Doe further claims that on September 22, 2004, during the seven months he spent at the youth shelter, he was sexually assaulted by "two older children also in the care or placement of that facility." Compl. ¶ 26. He alleges that he has "suffered extreme emotional distress as a result of having been sexually assaulted and suffers from a psychiatric disorder as a direct consequence of the assault." Id. ¶ 32. He seeks declaratory relief and compensatory and punitive damages.

On March 3, 2008, Mr. Doe filed his First Amended Complaint in the Superior Court of the District of Columbia, naming the District of Columbia, the District's Department of Child and Family Services and Department of Youth Rehabilitation Services, and Reach Youth Shelter as defendants and alleging violations of 42 U.S.C. § 1983 and D.C. CODE § 2310. He also raised two negligence claims, one alleging negligent training and supervision, and the other negligent infliction of emotional distress. Id. at 8-10.

The District removed the action to this Court pursuant to 28 U.S.C. § 1441 and then moved to dismiss Mr. Doe's claims on the grounds that: (1) Mr. Doe had failed to effect proper service of process on the District of Columbia, MTD at 3-5; (2) the Departments of Child and Family Services and Youth Rehabilitation Services are *non sui juris*, id. at 5-6; (3) the plaintiff had failed to state a claim upon which relief could be granted, id. at 6-9, 10-11; and (4) the Court should decline to exercise jurisdiction over any claims not arising under federal law. Id. at 9-10. On March 31, 2009, the Court granted the District's motion in part and denied it in part. See Doe v. District of Columbia, 609 F. Supp. 2d 38, 39 (D.D.C. Apr. 21, 2009). The Court dismissed the plaintiff's claims against the District's Department of Child and Family Services and Department of Youth Rehabilitation Services, but rejected the District's assertions of insufficient service of process. Id. at 40. It declined to reach the District's argument that the complaint failed to state a claim. Instead, it instructed the parties to submit additional filings regarding the impact on the plaintiff's claims of recent amendments to the District of Columbia Code provision that governs the placement of juveniles in shelter care prior to a factfinding hearing. Id. at 41-43; see supra at 3, n.3 (briefly describing the statutory amendment). The

parties have since submitted the filings requested, and the remaining issues raised in the District's motion to dismiss are now ripe for decision.

## II.  DISCUSSION

The District of Columbia argues that the plaintiff's claims against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  MTD at 6, 10.  That argument is unpersuasive at this early stage in this litigation, when the factual underpinnings of Mr. Doe's legal claims are not yet clear, and when the parties have addressed the potentially complex legal issues raised by the complaint in only a cursory manner.  As a result, the Court decided not to dismiss any of Mr. Doe's claims for failure to state a claim.  It did, however, dismiss Count I of the complaint based on its conclusion that Mr. Doe lacks standing to seek declaratory relief.

### *A.  Standing to Pursue Declaratory Relief*

Mr. Doe's claims for declaratory relief focus on his detention in shelter care for seven months prior to a factfinding hearing.  See Compl. ¶ 40.  He seeks "a judicial determination of whether his rights were violated when he was detained in the shelter for more than six-month[s] prior to his disposition hearing on the charge for which he was placed in shelter detention."  Id. ¶ 40.  He also requests "a judicial declaration that [the District's] policy of holding minor children in shelter detention for undetermined periods of time greater than 30 days

deprived Plaintiff and deprives all other similarly-situated minor children [of] their rights under the Fifth Amendment [to] the U.S. Constitution and laws of the District of Columbia." Id. ¶¶ 40-41.[4]

In order to have standing to seek "forward-looking relief," including declaratory relief, Mr. Doe must include in his complaint "some allegation from which one might infer a 'real and immediate' threat that the alleged wrong will recur." Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998) (quoting Haase v. Sessions, 835 F.2d 902, 911 (D.C. Cir. 1987)). Mr. Doe's complaint contains no such allegation. Furthermore, in this case, there can be no credible threat that the alleged harm in question — placement of the plaintiff in shelter care without due process — will again befall Mr. Doe. Under District of Columbia law, an individual may be placed in "shelter care" only if he is a "child," defined as "an individual who is under 18 years of age." D.C. CODE §§ 16-2301(3), 16-2310. At the time this lawsuit was filed, Mr. Doe was already 18 years old, see Compl. ¶ 7, and thus is in no danger of being placed once more in shelter care. He therefore lacks standing to seek a judicial declaration regarding the legality of the District's policies governing the placement of children in shelter care, and the claims for declaratory relief contained in Count I of the complaint must be dismissed.

### B. Evaluation of Remaining Claims Pursuant to Rule 12(b)(6)

#### 1. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P.

---

[4] Although plaintiff's ill-advised use of the phrase "similarly-situated minor children" suggests otherwise, this matter is not a class action. See Civil Local Rule 16.3 Report at 7 (parties' joint statement that "[t]his case is not a class action").

12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 544 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197 (2007); Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, because Rule 8(a)(2) requires a "showing," rather than a "blanket assertion," of entitlement to relief, id. at 555 n.3. The complaint must be sufficient "to state a claim for relief that is plausible on its face." Id. at 570. The Court referred to this newly clarified standard as "the plausibility standard." Id. at 560 (abandoning the "no set of facts" language from Conley v. Gibson). The D.C. Circuit has noted that Twombly "leaves the long-standing fundamentals of notice pleading intact." Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15.

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. The complaint "is construed liberally in the [plaintiff's] favor, and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d at 1276. Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

2. Plaintiff's Due Process Claims

The District of Columbia contends that the complaint fails to state a claim under 42 U.S.C. § 1983 because the "[p]laintiff's procedural due process claim is based" entirely on his contention that the District violated D.C. Code § 16-2310, which describes the procedures governing the placement of children in detention or shelter care. MTD at 8. According to the District, Mr. Doe's "procedural due process claims cannot survive unless this Court determines that the 30-day hearing provision of [Section] 16-2310 creates a constitutionally protectable life, liberty or property interest applicable to children placed in shelter care." Id. at 10. This argument rests upon an unnecessarily restrictive reading of the plaintiff's complaint and an erroneous interpretation of the Fifth Amendment's Due Process Clause.

In interpreting the complaint to mean that Mr. Doe's due process claims derive solely from the allegation that the District has violated D.C. Code § 16-2310, the District improperly usurps the plaintiff's right to develop and advance his own legal arguments. "'The

9

liberal concepts of notice pleading embodied in the Federal Rules [of Civil Procedure] do not require the pleading of legal theories,' but instead require only the pleading of basic factual allegations." Rahman v. Johanns, 501 F. Supp. 2d 8, 16-17 (D.D.C. 2007) (quoting Empagran S.A. v. F. Hoofman-LaRoche, Ltd., 388 F.3d 337, 341 (D.C. Cir. 2004)). To succeed on its motion to dismiss the plaintiff's due process claims, the District cannot simply assign a weak legal theory to the plaintiff's factual allegations and then attack the resulting straw man. Instead, it must address the rather obvious possibility that the Fifth Amendment itself — not Section 16-2310 — confers upon Mr. Doe a protectable liberty interest in remaining free of shelter care. See, e.g., Schall v. Martin, 467 U.S. 253, 265 (1983) (recognizing a child's "interest in freedom from institutional restraints"). Because the District has not bothered to engage in that fundamental legal analysis, its motion to dismiss Mr. Doe's due process claims must be rejected.

### 3. Plaintiff's Negligence Claims

In addition to his constitutional claims, Mr. Doe alleges that the District was negligent in "failing to properly train, supervise, control, direct and monitor" Reach Youth Shelter, and that such negligence was the proximate cause of Mr. Doe's sexual assault and related injuries. Compl. ¶¶ 51-52, 54. He also separately asserts a claim for negligent infliction of emotional distress. Id. ¶¶ 53-56. The District's sole response to these allegations is the inapposite declaration that "[t]he District can only be held liable under a theory of *respondeat superior* liability for its employees. It may not be held liable for the negligence of independent contractors" such as Reach. MTD at 13. But the complaint does not rely on the theory of *respondeat superior*. It alleges that the District itself — not simply Reach, a separately named

10

defendant — breached duties owed to the plaintiff. See, e.g., Compl. ¶ 51. The District's argument therefore is without merit.

III. CONCLUSION

For the foregoing reasons, the Court issued an Order on March 29, 2010, in which it granted the District's motion in part and denied it in part. Because only Count I of the plaintiff's complaint was dismissed, Mr. Doe's other claims remain viable.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 19, 2010